# Petition of JOSEPH WILLIAMS.

No. 10826

Submitted December 10, 1964. Decided March 2, 1965.

399 P.2d 732.

Urban Roth (argued), Butte, for appellant.

Forrest H. Anderson, Atty. Gen., Louis Forsell, Sp. Asst. Atty. Gen. (argued), Hanrahan & Crowley, County Atty's Office, William F. Crowley (argued), Helena, for respondent.

Paul T. Keller, Helena, amicus curiae.

HONORABLE FRANK I. HASWELL, District Judge, sitting in place of MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

This is an original proceeding for a writ of habeas corpus. Joseph Williams, an inmate of the Montana State Prison, appearing pro se, filed a handwritten petition for a writ of habeas corpus with this court contending that his imprisonment is unlawful and illegal in that he has been placed twice in jeopardy for the same offense and that he has been denied due process of law by reason thereof.

Thereafter this court, by per curiam order, appointed counsel to represent petitioner for the purpose of investigating the factual situation involved herein, and briefing the law applicable thereto, ordered appointed counsel to file a statement of facts and brief of the law, ordered the attorney general and Lewis and Clark county attorney to file briefs and upon the same being filed, indicated that oral arguments would be set.

Subsequently counsel for petitioner caused to be certified to this court and filed herein copies of various documents relating to proceedings against petitioner on a charge of grand larceny in the District Court of Lewis and Clark County ultimately resulting in a sentence of five years imprisonment in the State Prison under which petitioner is now imprisoned and of which he now complains. These documents are certified copies of the amended information, a written stipulation signed by petitioner, his attorney and the county attorney provided for psychiatric examination and observation of petitioner at the Montana State Hospital prior to entry of plea, a court order dated August 22, 1963, after plea of guilty, a court order modifying the order of August 22, 1963, a bench warrant and minutes of the court relating thereto, the county attorney's petition for revocation of probation and imposition of sentence, the court's order of October 11, 1963, revoking probation, refusing to further withhold imposition of sentence and imposing sentence together with the judgment and commitment of petitioner to the Montana State Prison.

Thereafter all counsel filed the documents required by said per curiam order of this court. In addition a brief amicus curiae was filed. The attorney general filed a petition for diminution of the record to which petitioner filed written objections. Thereafter oral argument herein was set and heard embracing all issues herein.

The undisputed facts appearing from the record herein disclosed that on July 30, 1963, the county attorney filed in

the District Court of Lewis and Clark County, by leave of court, an amended Information charging petitioner and another with the crime of grand larceny, a felony. On the same date both defendants were duly arraigned up to the point of entry of plea, at that point both defendants, who were represented by the same attorney, filed with the court a written stipulation signed by each defendant personally, their attorney and the county attorney to the effect that each defendant be taken to the Montana State Hospital for psychiatric examination and observation prior to entry of plea. Both defendants were taken there and later returned to the district court.

On August 22, 1963, petitioner again appeared before the district court with his attorney, and entered a plea of guilty to the charge of grand larceny. At the time petitioner entered this plea, his attorney requested the court to delay imposition of sentence and place petitioner on the alcoholic rehabilitation program used by that Court and the Honorable Lester H. Loble, one of the District Judges thereof. After Judge Loble explained to petitioner that he would be willing to comply with the request of counsel for petitioner or sentence petitioner immediately, petitioner himself indicated he wished to try the alcoholic rehabilitation program. Accordingly, on the same date, Judge Loble entered the following order set forth verbatim herein (except for title of court, cause and caption entitling it "Order"):

"In this cause the court by order duly made and entered required the defendant be taken to Montana State Hospital at Warm Springs, Montana, for treatment for alcoholism and that a report on the defendant and an evaluation of his probable ability to overcome alcoholism be made, and said report having been received, and the same being on file herein, and the defendant having been returned to the County Jail of Lewis and Clark County, Montana, and now being brought before the court and having entered a plea of guilty to the charge,

"NOW, THEREFORE, IT IS ORDERED AND ADJUDGED:

"1.   That the Court, pursuant to Section 94-7832, suspends the imposition of sentence and releases the defendant on probation as hereinafter set forth.

"2.   That a condition of probation shall be and is that defendant shall not, during the period of probation, drink intoxicating liquors.

"3.   That the defendant shall become a member of Alcoholics Anonymous and a regular attendant at its meetings and comply with its general program for the rehabilitation of alcoholics.

"4.   That the defendant will be jail-based in the County Jail of Lewis and Clark County, Montana, and may have employment outside of the County Jail; that said Sheriff may permit the defendant to be gainfully employed and that the said Sheriff is absolved of any liability in permitting the defendant to be absent from the custody of said Sheriff without bail.

"5.   That the earnings of the said defendant shall be collected by the Sheriff and from such earnings he shall pay to the County of Lewis and Clark costs of said prisoner's board, together with payment of the prisoner's personal expenses outside of the County Jail in a reasonable amount to be determined by the said Sheriff, and that any balance remaining after payment as aforesaid, shall be retained by the Sheriff until said defendant is discharged, at which time said balance shall be turned over to the defendant.

"6.   That should the defendant violate his probation, any peace officer is by this order authorized to apprehend him, return him to the County Jail and bring him before the court for determination as to whether he has violated his probation and if it so be determined, for sentence to be imposed for the crime to which he has pleaded guilty.

"7.   The period of reserving imposition of sentence and of probation shall be for one (1) year from this date.

"8.   Upon the completion of a year of successful probation,

50

the defendant may apply to this court for such other order herein as may be just and equitable.

"Done and dated in open court this 22 day of August, 1963.

"Lester H. Loble

"District Judge"

On September 16, 1963, Judge Loble modified the order of August 22 to the extent of permitting petitioner to accept employment at a ranch in Broadwater County and while so employed to remain at the ranch and not be jail-based. In all other respects the order of August 22 was re-affirmed. At that time petitioner had been jail-based in the Lewis and Clark County Jail for approximately 25 days under the order of August 22.

On September 27, 1963, a bench warrant was issued for petitioner's arrest for violation of the order of August 22 and thereafter on October 10, 1963, the county attorney petitioned the court to revoke the conditions of probation previously imposed by the order of August 22 and to impose sentence for petitioner's original crime of grand larceny. The following day a hearing on the county attorney's petition was held with petitioner present in person and with counsel, at the hearing petitioner himself admitted that he had been drinking intoxicating liquor, that he had "hocked" a tire off another man's car for $3.00, and that he was not working or living at any ranch in Broadwater County but instead was more or less aimlessly travelling around and engaging in questionable activities. At the conclusion of the hearing on October 11, 1963, Judge Loble entered an order revoking the order of August 22, 1963, placing petitioner on probation and suspending imposition of sentence, refused to withhold imposition of sentence further and sentenced petitioner to five years imprisonment in the State Prison on the original charge of grand larceny. Judgment and commitment thereon was issued the same day.

At the outset the attorney general's petition for diminution of the record herein by inclusion in the record of the official

court reporter's transcript of proceedings held in the district court of Lewis and Clark County on July 24, July 29, July 30, August 22 and October 11, all in 1963, is before this court for ruling. The record of the proceedings sought to be included herein concern proceedings had therein against petitioner on the charge of grand larceny ultimately leading to the sentence of October 11 of which he complains. The transcript supplements and completes the record herein filed by petitioner's counsel and is directly material and relevant to that record and to the issues involved herein. Such transcript in no way contradicts any facts or records relied upon by petitioner in his application for a writ of habeas corpus. Such transcript is as much a part of the record herein as are the various documents and minutes of the court filed by petitioner's counsel and completes the record of proceedings in the district court. Accordingly, the attorney general's petition for their inclusion as part of the record herein is granted.

Petitioner's claim that he is now illegally and unlawfully imprisoned in the Montana State Prison can be summarized under three basic contentions: (1) That the district court's order of August 22 was a sentence and that he was imprisoned thereunder thereby placing him once in jeopardy within the meaning of the double jeopardy provision contained in Article III, Section 18 of the Montana Constitution and the Fifth Amendment to the United States Constitution; (2) that the district court's order of October 11 sentencing him to a term of five years imprisonment in the State Prison and his imprisonment thereunder placed him twice in jeopardy for the same offense in violation of the double jeopardy clause of Article III, Section 18 of the Montana Constitution and in violation of the double jeopardy clause contained in the Fifth Amendment to the United States Constitution as applied to the States through the due process clause of the Fourteenth Amendment to the United States Constitution; and (3) that the time he has already served under the void sentence of October 11

must be credited against the valid sentence of August 22 thereby entitling him to release.

The legal questions herein raised are of first impression in Montana and are all bottomed on the premise that the district court's order of August 22 was a sentence and that petitioner was subjected to and served a term of imprisonment thereunder. If this proposition cannot be sustained, there can be no former jeopardy and petitioner's constitutional arguments must fail.

██ Initially it is well to keep in mind that a habeas corpus proceeding of the type involved here is a collateral attack on the judgment and sentence under which petitioner is imprisoned. (39 C.J.S. Habeas Corpus, § 26(a) (1), page 477 and cases therein cited.) As such the scope of our inquiry is limited to whether the district court had jurisdiction over the person of petitioner, jurisdiction over the offense with which petitioner was charged and power to pronounce the particular judgment and sentence pronounced on October 11 (State v. District Court of Third Judicial Dist., 35 Mont. 321, 89 P. 63; In re Lockhart, 72 Mont. 136, 232 P. 183; Ex parte Lyford, 86 Mont. 147, 282 P. 500.)

██ The district court's order of August 22 was not a sentence. That the district judge did not intend it to be a sentence is patent from its provisions. This order provides "that the court, pursuant to section 94-7832 *suspends the imposition of sentence* and releases the defendant on probation"; and further that "the period of *reserving imposition of sentence* and of probation shall be one (1) year from this date" (Emphasis added.); and still further that in the event the defendant violates his probation he shall be brought before the court for a determination thereof and if so "for sentence to be imposed for the crime to which he has pleaded guilty." The transcript of proceedings in the district court immediately prior to entry of the order of August 22 makes it abundantly clear that the district judge intended to withhold sentencing defendant at

that time and instead to place defendant on the·alcoholic. rehabilitation program used in that·court during defendant's adherence to its terms and conditions,· which both defendant and his counsel had specifically requested the court to do.

■ Additionally, and irrespective of the intention of the district judge such order lacks certain essential characteristics of a sentence. An exhaustive consideration of adjudicated cases discloses at least two essential elements common to any sentence in a criminal prosecution that are absent in the order of August 22: (1) The imposition of a punishment as such against the defendant as a consequence of his conviction on a criminal charge; and (2) the finality of the punishment imposed (as distinguished from the time of placing such punishment into execution).

Here no punishment as such was imposed against petitioner. It is true that the order of August 22 placed certain restrictions upon petitioner's conduct and upon his liberty; he was prohibited from drinking intoxicating liquor, was ordered to join Alcoholics Anonymous and participate in its program, was "jail-based" in the county jail, and was required to pay the cost of his board at the jail. That these restrictions were imposed as conditions of probation designed to promote the rehabilitation of petitioner from alcoholism and not as punishment for the crime of grand larceny is apparent from the order itself and from the proceedings in the district court prior to entry of the order. The transcript of such proceedings shows that after a plea of guilty was entered by petitioner to the charge of grand larceny, his counsel requested the court to delay imposition of sentence "so that the defendant may be subject to your program, and on the alcoholic program"; that the county attorney recommended to the judge "that we make one last try with Williams and put him on your program and. see if we can change.his ways"; that the judge thereupon gave petitioner the alternative of an immediate sentence, was advised by petitioner himself that he wanted to try the judge's

alcoholic rehabilitation program in preference to an immediate sentence, and the judge acted accordingly.

An order placing a defendant in a criminal proceeding on probation following a conviction or plea of guilty is not a judgment or sentence. In re Martin, 82 Cal.App.2d 16, 185 P.2d 645; In re Hays, 120 Cal.App.2d 308, 260 P.2d 1030; 24 C.J.S. Criminal Law § 1571(7). Neither does an order suspending imposition of sentence constitute a judgment or sentence; by its terms it expressly stays or defers the pronouncement of any final judgment or sentence. Nor is an order combining the suspension of imposition of sentence with the placing of defendant on probation a judgment or sentence for the same reasons.

Neither was petitioner subjected to a term of imprisonment nor did he serve a term of imprisonment under the order of August 22 within the meaning of the jeopardy provisions contained in Article II, Section 18 of the Montana Constitution and of the Fifth Amendment to the United States Constitution. Article III, Section 18 of the Montana Constitution contains the double jeopardy clause providing that no person in a criminal proceeding shall "be twice put in jeopardy for the same offense," while the double jeopardy clause in the Fifth Amendment to the Federal Constitution uses the following words: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." We have no quarrel with petitioner's contention that the double jeopardy provisions in the State and Federal Constitutions proscribed a second punishment for the same offense as well as a second prosecution for the same offense. (See 24B, C.J.S. Criminal Law § 1990.) It has been so held under the double jeopardy clause in the Federal Constitution. (Ex parte Lange, 18 Wall. (U.S.) 163, 21 L.Ed. 872; United States v. Chouteau, 102 U.S. 603, 26 L.Ed. 246.) The reasoning behind such holding was well stated by Mr. Justice Miller speaking for the United States Supreme Court in Ex parte Lange, at 173, supra:

"For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that having once been tried and found guilty, he can never be tried again for that offense? Manifestly, it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

"The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it."

██ Although the double jeopardy clause contained in the Fifth Amendment to the United States Constitution is applicable to the Federal Government only, we perceive no reason why this principle is not equally applicable under the Montana Constitution. Accordingly, we hold that imprisonment imposed as a punishment under a valid judgment and sentence in a criminal prosecution places the defendant once in jeopardy within the ambit of Article III, Section 18 of the Montana Constitution.

██ In this case there was no imprisonment or punishment in the constitutional sense of jeopardy imposed against petitioner under the order of August 22. Petitioner in his brief quotes various definitions of "imprisonment" and "punishment" from various authorities, statutes and cases; these definitions are to the general effect that any restraint on a per-

son's liberty or freedom of action constitutes "punishment" or "imprisonment". If this were literally true, no probation rules of any kind could be imposed without placing a person once in jeopardy under constitutional provisions. Suffice it to say that none of these definitions cited by petitioner purport to define these terms in the constitutional sense under double jeopardy provisions in the various state constitutions or the Federal Constitution. Jeopardy as applied to double punishment in the constitutional sense requires punishment imposed as such and for that purpose and has no application to probationary rules placing a person under reasonable restraints on his actions and conduct for the purpose of rehabilitation of the offender.

It is true that the order of August 22 provides that petitioner shall be "jail-based" and refers to petitioner as a "prisoner". These descriptive terms are, perhaps, an unfortunate choice of language but in any event the substance of the order, not its form nor its descriptive terminology, determines its effect and meaning. And the substance of the order is readily apparent—to withhold sentence and punishment of petitioner for the crime of grand larceny and to place petitioner on probation subject to terms and conditions reasonably calculated to subserve the purpose sought to be accomplished, namely, the rehabilitation of an alcoholic.

The fact that one of the terms of probation required petitioner to be "jail-based" in the county jail does not transform a probationary rule into a term of imprisonment. That it is a probationary rule is readily determinable by other provisions in the order of August 22 permitting petitioner to have employment outside the county jail, absolving the sheriff from liability in permitting petitioner to be absent from his custody without bail, and containing a requirement that petitioner pay his own board at the jail from his earnings. The similarity of these provisions to some of the provisions contained in the statute relating to *convicted* misdemeanants *serving* county jail

sentences (Sec. 94-7835 et seq. R.C.M.1947) likewise does not convert a condition of probation into a term of imprisonment. The conditions of probation here were simply devised and tailored to promote the rehabilitation of an alcoholic as an alternative to sentencing him and punishing him for the crime of grand larceny. These probationary provisions furnished him a place to eat and sleep regularly whether employed or unemployed, permitted him to seek and secure gainful employment if able to do so, required him to pay for his own board out of any earnings he received from gainful employment, limited his spending money from his earnings and preserved the balance for his future use, and provided for reasonably close supervision over him and his activities during his idle hours.

The use of the county jail as the facility and the use of the sheriff and his deputies as the personnel to promote the alcoholism rehabilitation program as conceived by the Judge does not convert his order into a sentence of imprisonment nor constitute imprisonment of petitioner. The Judge simply made use of existing local facilities and personnel that met the requirements of his rehabilitation program for alcoholics. The County jail was not used as a jail at all but as a facility for the supervision and control of an alcoholic during the rehabilitation process. Expressing this basic distinction are these immortal words which, although spoken under somewhat different circumstances and from different motives, are equally appropriate here—"Stone walls do not a prison make, nor iron bars a cage". (To Althea from Prison by Richard Lovelace.)

Under the facts and circumstances of this case, the conditions of probation contained in the order of August 22 are reasonable conditions reasonably related to a lawful purpose and objective of probation, i.e., the rehabilitation of an alcoholic. As such they are valid and lawful conditions of probation.

Neither was there any finality to the order of August 22 which is an essential element of a sentence. Among other

things, this order provides that "upon the completion of one year of successful probation, the defendant may apply to this court for such other order herein as may be just and equitable"; the order also authorizes any peace officer to. apprehend petitioner if he should violate his probation, and if such violation is established after hearing, to sentence defendant on the original charge. Thus further proceedings were contemplated in any event irrespective of whether petitioner subsequently adhered to the provisions of probation or violated them.

There being no former jeopardy under the order of August 22 because defendant was neither sentenced, punished nor imprisoned, there can be no second jeopardy under the sentence of October 11 and petitioner's imprisonment thereunder in the State Prison. Thus petitioner's constitutional claim of double jeopardy fails.

Because the sentence of October 11 was the only judgment, sentence or imprisonment imposed against petitioner, his claim that the time served thereunder must be credited against his one year "sentence" in the county jail under the order of August 22 is without merit.

The judgment and sentence of October 11 under which petitioner is now imprisoned is a valid and legal sentence impervious to attack by habeas corpus. It is not questioned here and the record clearly shows that the district court had jurisdiction over the person of petitioner; neither is the jurisdiction of the court over the offense of grand larceny challenged or open to question. We also hold that the district court had the power and jurisdiction to pronounce and impose the particular judgment and sentence that it did impose on October 11. The court had the power to issue a warrant of arrest and have petitioner arrested for violation of the conditions of probation imposed in its order of August 22 and after hearing and establishment of such violation, to revoke the probation and to impose any sentence which might have

originally been imposed. (Section 94-9831, R.C.M.1947.) We find nothing contained in section 94-7832, R.C.M.1947, providing that after verdict or plea the court may (1) release the defendant on probation, (2) suspend the imposition or execution of sentence, (3) impose a fine, (4) impose any combination of (1), (2), or (3), or (5) commit defendant to a correctional institution with or without fine, to limit the power or jurisdiction of the court to pronounce a sentence for the original offense after having revoked a previous probationary order or suspension of imposition of sentence or both for violation of valid probationary rules. To construe this section otherwise would render probation and suspension of imposition of sentence largely meaningless and would make a mockery of its use. Likewise, the court had the power and the jurisdiction to sentence petitioner to five years imprisonment in the State Prison for the crime of grand larceny, the statute providing for a sentence of 1 to 14 years imprisonment in the State Prison as punishment. (Section 94-2706, R.C.M.1947.)

Accordingly, we find that no cause exists for granting the petition for a writ of habeas corpus and it is denied.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DOYLE, ADAIR and CASTLES, concur.