No. 12494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

———————————

JOHN MALDONADO,

Petitioner,

-vs-

ROGER W. CRIST, as Warden of the
Montana State Penitentiary,

Respondent.

———————————

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana.
Arnold A. Berger argued, Billings, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner, Assistant Attorney General, argued,
Helena, Montana.

———————————

Submitted: May 17, 1973

Decided: MAY 2 9 1973

Filed: MAY 2 9 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding for a writ of habeas corpus. Petitioner seeks to compel the district court to credit petitioner with six months previously served in the Yellowstone County jail as a condition of deferment of sentence.

On September 11, 1970, petitioner plead guilty to assault in the second degree. The district court deferred imposition of sentence and placed petitioner on probation for three years. On August 25, 1971, a petition was filed seeking revocation of the order deferring imposition of sentence by reason of violation by the defendant of certain terms and conditions of probation. Subsequently, the district court modified its September 11, 1970 order and ordered that petitioner be confined in the Yellowstone County jail for a period of six months under the work release program.

On October 27, 1972, petitioner was charged with the crime of burglary. Thereafter, a petition for revocation of order deferring imposition of sentence was filed. A hearing was held on January 25, 1973. The district court found that the petitioner did in fact violate the conditions of his deferred sentence. Therefore the court revoked petitioner's deferred imposition of sentence and sentenced the defendant to a term of five years and nine months in the Montana State Prison for the original crime of assault in the second degree. The sentence for second degree assault in Montana is one to six years or a fine not exceeding $2,000 or both such fine and imprisonment. Section 94-602, R.C.M. 1947.

Petitioner filed this application for writ of habeas corpus contending that section 95-2215(a), R.C.M. 1947, requires that he be credited with the six months previously served as a condition of deferment against the five years and nine month

sentence subsequently imposed.

Section 95-2215(a), R.C.M. 1947, provides in pertinent part:

> "Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered shall be allowed credit for each day of incarceration prior to or after conviction * * *."

The State, on the other hand, contends that the situation here is similar to Petition of Williams, 145 Mont. 45, 399 P.2d 732. In Williams, as here, the defendant was ordered "jail-based" in the county jail under the work release program.

The issue in Williams, however, is not the same as the issue here. Williams involved the question of "double jeopardy" which turned on whether the incarceration as a probationary rule was a "judgment" and "sentence".

Here, as in State ex rel. Bovee v. District Court, _____ Mont._____, 508 P.2d 1056, 30 St.Rep. 437, the issue is whether defendant was "incarcerated on a bailable offense" within the meaning of section 95-2215(a) and thus entitled to "credit for each day of incarceration prior to or after conviction". This issue was not answered in Williams.

Applying Bovee, petitioner is entitled to credit for the time he served in the county jail as a condition of probation.

The petition for writ of habeas corpus shall be granted directing the district court to credit the time served by petitioner in the Yellowstone County jail in 1971 and 1972 as a condition of deferment of sentence against the sentence subsequently imposed on January 25, 1973.

_____
Associate Justice

- 3 -

We concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Wesley Castles_

_John Conway Harrison_
Associate Justices