PETITION OF THOMAS CHARLES GRAY.

No. 12654.
Decided Dec. 18, 1973.
517 P.2d 351.

Thomas Charles Gray, pro se.

MEMO OPINION

PER CURIAM:

This is an original proceeding wherein petitioner, an inmate of the Montana State Prison, appearing pro se, seeks a writ of habeas corpus. He alleges that the Western Union office

in Great Falls was robbed of $1,082.00 on May 1, 1970; that he was arrested on the following day, May 2; taken into court on May 4 where counsel was appointed to represent him; he entered a plea of guilty in court on May 12; and on June 3, 1970, he was given a three year deferred imposition of sentence.

Further, that on May 7, 1973, a petition for revocation of the deferred imposition of sentence was filed, he was arrested on May 10, appeared in court with his counsel on May 11, was found guilty and his deferred imposition of sentence was revoked on May 17. That on May 21, 1973, he was sentenced to a term of ten years in the State Prison.

Petitioner contends that he was not given credit for the period of time of his confinement in the county jail from May 2, 1970 to June 3, 1970, and had such credit been given to him him he would have completed the three year deferment and the court would have lost jurisdiction to revoke its deferred imposition of sentence.

As authority for this petitioner cites section 95-2215, R.C.M. 1947. However, this section is not applicable to the fact situation here. It provides:

"*Credit for incarceration prior to conviction.* (a) Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered shall be allowed credit for each day of incarceration prior to or after conviction except that in no case shall the time allowed as a credit exceed the term of the prison sentence rendered."

No judgment of imprisonment was entered by the district court on June 3, 1970; the imposition of any sentence was deferred for three years. This statute will apply to the sentence imposed on May 21, 1973, when a judgment of imprisonment was rendered.

In a similar situation before this Court in State v. Drew, 158 Mont. 214, 217, 490 P.2d 230, 232, we stated:

"* * * Where the defendant is granted deferred impo-

sition of sentence as directed by section 54-133(c), R.C.M.1947, it contemplates that the verdict or plea will be taken and the imposition of sentence deferred, or if you prefer, stayed, for a period not to exceed three years. * * * This then means defendant will not be sentenced, which includes a sentence to a term in jail. At the termination of the time of deferment or stayed imposition, section 95-2207, R.C.M.1947, authorizes the court to accept a plea withdrawal or to strike the verdict of guilty and order the charge dismissed.

"The passage of section 95-2207, R.C.M.1947, demonstrates the intent of the legislature in regard to deferred imposition of sentence. * * *."

For these reasons we hold the district court had not lost jurisdiction and the petition for a writ of habeas corpus should be, and it hereby is, denied, and this proceeding is dismissed.