No. 13206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

IN THE MATTER OF
KEITH RODNEY HANSON

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

David J. Patterson, Missoula, Montana
Sandra Rose Muckelston argued, Missoula, Montana
Larry Epstein, Law Student, argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
 Montana
Jock O. Anderson, Assistant Attorney General,
 argued, Helena, Montana

_____

Submitted: December 1, 1975

Decided: JAN 15 1976

Filed: JAN 3 1976

Thomas J. Kearney
                                         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Keith Rodney Hanson filed a petition for post-conviction relief and memorandum in support thereof in the district court, Missoula County, asking that he be given credit for all the time served prior to the time his suspended sentence was revoked and he was sentenced to the state prison. The district court denied his petition. A petition for post-conviction relief was thereafter filed with this Court.

This Court ordered briefs filed and heard oral argument and took the matter under advisement.

On October 17, 1974, Keith Rodney Hanson, defendant, petitioner herein, pled guilty in the district court, fourth judicial district, Missoula County, to theft, a felony, and to deceptive practices, a felony. He was sentenced by the district court to five years in the state prison at Deer Lodge. Four years were suspended and defendant was to serve one year in the Missoula County jail. Under the judgment imposing sentence, defendant was given credit for time already served in the Missoula County jail, such credit amounting to 147 days.

On February 10, 1975, defendant was granted permission by the district court to participate in a jail work release program from the Missoula County jail. Defendant violated the terms of the work release order and the Missoula County attorney filed a petition for revocation of probation and imposition of sentence.

On March 11, 1975, hearing was held in the district court in Missoula with defendant being represented by the Missoula public defender. On that same date, the court entered an order that re-voked the earlier suspended sentence and sentenced defendant to serve the entire five year sentence at Montana state prison at Deer Lodge. The court also ordered that defendant was entitled to receive credit "for time served in Missoula County jail since

February 13, 1975, said credit amounts to 26 days."

On August 20, 1975, defendant filed a petition for post-conviction relief with the district court in Missoula County stating that the 26 day credit received under the March 11, 1975, order was incorrect. Attached to this petition was a letter from Sheriff John C. Moe, Missoula County, Montana, stating that prior to March 19, 1975, (apparently the date defendant was transferred from Missoula County jail to Montana state prison, Deer Lodge), defendant Keith Rodney Hanson had served a total of 275 days in the Missoula County jail for the criminal charges under consideration. A hearing was held, arguments had and the petition was denied.

The law is clear in this area, section 95-2206, R.C.M. 1947, provides in pertinent part:

> "Whenever any person has been found guilty of a crime or offense upon a verdict or a plea of guilty the court may:
>
> "(1) * * *
>
> "(2) Suspend execution of sentence up to the maximum sentence allowed for the particular offense. The sentencing judge may impose on the defendant any reasonable restrictions during the period of suspended sentence * * *.
>
> "If any restrictions or conditions are violated, any elapsed time, except jail time, shall not be a credit against the sentence, unless the court shall otherwise order." (Emphasis supplied.)

Stating the exception in the above sentence in the positive, the law clearly provides that time spent in jail while a defendant is under a suspended sentence must be credited to the defendant's sentence.

There is no dispute that defendant spent 147 days in jail prior to his plea of guilty, subsequent judgment, and sentence; that thereafter he was in jail 128 days until the suspended sentence was revoked and defendant was transferred to the state prison for a term of the original five year sentence.

- 3 -

Therefore defendant is entitled to credit for time served in the total of 275 days to be applied against the five year sentence. The confusion seems to arise because of the original suspension and one year to serve in the county jail. Time served was allowed against that one year term. If the trial judge had sentenced to four years upon revocation his calculation would be correct. However, revocation and sentence for the full five years entitles defendant to the full 275 days.

The district court is directed to enter an order amending its March 11, 1975 order and allow the full 275 days for time served.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -