No. 13479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF

ROBERT J. LeDESMA,

Petitioner.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

David J. Patterson and Gregory Todd, Missoula,
Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana

Hearing Waived

---

Submitted: September 13, 1976

Decided: SEP 24 1976

Filed: SEP 24 1976

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks post-conviction relief by reason of the following facts:

He is currently serving a 5 year prison sentence at Montana State Prison. On October 16, 1972, he was found guilty of the crime of burglary in the district court of Yellowstone County. He was sentenced to five years in Montana State Prison, but this was suspended on certain conditions, one of them being that he serve nine months in Yellowstone County jail. As a result the petitioner was incarcerated in Yellowstone County jail from August 24, 1972 through May 23, 1973. On April 7, 1975, the suspended sentence was revoked and petitioner was ordered to serve the full five year sentence in Montana State Prison. He was given credit for 54 days of jail time which was computed from the day of his arrest to the day of sentencing. Petitioner seeks credit for the time he spent in Yellowstone County jail as a condition of the suspended sentence.

The question for the Court is whether the legislature, prior to their amendment to section 95-2206, R.C.M. 1947, in 1973, intended that in the event of a revocation of a suspended sentence, "elapsed time" as stated therein excluded "jail time". Or, does section 95-2215, R.C.M. 1947, govern the credit of time spent in jail prior to the revocation? Or did it intend that section 95-2215 only be applicable in situations other than a suspended sentence.

We quote the applicable portions of the two statutes involved.

Section 95-2215, R.C.M. 1947, in part provides:

"95-2215. Credit for incarceration prior to conviction. (a) Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered shall be allowed credit for each day of incarceration prior to or after

conviction except that in no case shall the time allowed as a credit exceed the term of the prison sentence rendered."

Section 95-2206, R.C.M. 1947, in relevant part provides:

"95-2206. Sentence. Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:

" * * *

"(3) Suspend the execution of the sentence up to the maximum sentence allowed for the particular offense. However, if any restrictions or conditions are violated, any elapsed time shall not be a credit against the sentence, unless the court shall otherwise order."

This section speaks specifically to rendering a suspended sentence and gives the sentencing judge the discretion to award or deny credit for "elapsed time". Section 95-2215, R.C.M. 1947, makes it mandatory that credit be given for all days of incarceration prior to or after conviction, when a person is incarcerated on a bailable offense and has a judgment of imprisonment rendered against him.

To determine the legislative intent one must consider that both of these statutes were enacted at the same time. Sec. 1, Ch. 196, L. 1967. In a later 1973 amendment to section 95-2206, the legislature excepted "jail time" from the term "elapsed time" and left section 95-2215 unchanged. A reasonable interpretation of this action is that the legislature intended to clarify the earlier language of section 95-2206 to place the credit of jail time within the mandate of section 95-2215. The Court has held that after this amendment a person is entitled to credit for the time spent in jail prior to a revocation of a suspended sentence. In the Matter of Hanson, ____Mont.____, 544 P.2d 816, 33 St.Rep. 70.

This Court has never addressed the question whether section 95-2215 has any effect in the case of a revocation of a

suspended sentence, when the petitioner seeks credit only for the time spent in jail prior to the revocation. However, the Court has answered the issue in regard to a revocation of a deferred imposition of sentence. Bovee v. District Court, 162 Mont. 98, 508 P.2d 1056; Maldonado v. Crist, 162 Mont. 240, 510 P.2d 887. In each instance the Court said that section 95-2215 was controlling and that the only issue involved should be whether defendant was incarcerated on a bailable offense within the meaning of that statute. If so, he was entitled to credit for the time spent in jail as a condition of the deferment when the deferment was revoked.

From a practical point of view a suspended sentence and a deferred imposition of sentence are very similar. In each instance the defendant must adhere to certain conditions to avoid a more severe sentence. It seems unlikely that the legislature intended that a person receiving a deferred imposition of sentence be entitled to credit for the time spent in jail as a condition of the deferment if such deferment is revoked, but the person receiving a suspended sentence is not so entitled.

For these reasons the cause is remanded to the sentencing court with directions to make and enter a revised judgment granting defendant credit for his jail time.

It is so ordered.

                                        _____
                                              Chief Justice

- 4 -

We concur:

_Wesley Castles_

_Frank I. Haswell_

_John Conway Harrison_
Justices