No. 05-349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 53N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

TRENT M. MECKLER,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC 96-106
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael D. Montgomery, Montgomery Law Office, Hamilton, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

        George Corn, County Attorney; Hamilton, Montana

_____

Submitted on Briefs:  February 8, 2006

Decided:  March 14, 2006

Filed:

_____
               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court=s quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Trent M. Meckler (Meckler) appeals from the judgment of the Twenty-First Judicial District Court, Ravalli County, denying his motion to dismiss for lack of jurisdiction. We affirm.

¶3 On October 22, 1997, pursuant to a plea agreement, the District Court ordered Meckler to complete consecutive deferred sentences totaling eight years for criminal mischief, criminal endangerment and stalking. The State filed a petition to revoke Meckler's deferred sentences on July 30, 1998. Meckler admitted the violations alleged and, after a hearing, the District Court ordered that the deferred sentences be continued and added further conditions. The State filed a second petition to revoke on July 13, 2004. The allegations of violation of the conditions of the continued deferred sentences included charges of driving under the influence and violation of a Ravalli County ordinance. On July 21, 2004, the District Court found that Meckler had violated the terms of his deferred sentences, revoked them and committed Meckler to the Department of Corrections (DOC) for five years, with three years suspended. Meckler received 314 days credit for time served, as well as 314 days for good time credit. Meckler discharged

2

the two year portion of his DOC commitment and began serving the suspended portion of the commitment on December 28, 2004.

¶4 On February 28, 2005, the State filed a petition to revoke the suspended portion of the commitment. Meckler filed a motion to dismiss the petition to revoke. He argued that the credit he received for time served and good time should apply retroactively to his original deferred sentences. That is, he claims this time should have commenced at the time the deferred sentences were originally imposed in 1997. Thus, he argues, when time served and good time credit are considered, he discharged the deferred sentences in October of 2003. Were this true, the District Court could not have revoked the continued deferred sentences, as they had already been discharged. The District Court denied Meckler's motion to dismiss and revoked the three year suspended portion of Meckler's DOC commitment. This appeal followed.

¶5 We have determined to decide this case according to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 At the time of the State's second petition to revoke, Meckler was not entitled to credit for time served, as he had not been sentenced to prison. Under § 46-18-403(1), MCA, credit for time served is only available to a person against whom a judgment of imprisonment is rendered. A judgment of imprisonment was not rendered against Meckler until July 21, 2004. *See Petition of Gray* (1973), 163 Mont. 321, 322, 517 P.2d 351. Also, Meckler could not earn good time credit while on probation. Section 53-30-

3

105(3), MCA (1995).[1]

¶7     Meckler argues it is a violation of equal protection that good time credit is given to parolees and not probationers. However, this Court has previously rejected this argument. *McDermott v. Mont. Dep't of Corrections*, 2001 MT 134, ¶ 44, 305 Mont. 462, ¶ 44, 29 P.3d 992, ¶ 44. We decline to overrule *McDermott*.

¶8     Thus, the second petition to revoke was filed before the deferred sentences had expired, and they were properly revoked. When Meckler violated the conditions of the suspended portion of his DOC commitment, the suspension was properly revoked. He is thus properly in the custody of the DOC for placement in an appropriate facility or program.

¶9     Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

---

[1] Repealed by Chapter 372, Sections 12(2), 13, Laws of 1995.