

DA 10-0623

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 221

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSHUA DEAN McCASLIN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 10-89
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney; Geoff Mahar, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs:   August 3, 2011
Decided:   September 7, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Joshua Dean McCaslin (McCaslin) appeals from judgment entered by the Twenty-First Judicial District Court, Ravalli County, committing him to the Montana Department of Corrections (DOC) for a period of five years, all suspended, and applying credit for pretrial incarceration time served to any future revocation of his suspended sentence, rather than to his current fully suspended sentence.

¶2 The sole issue on appeal is whether the District Court erred in crediting pretrial incarceration time McCaslin served to any future revocation of his suspended sentence, rather than to his current fully suspended sentence.

¶3 We reverse and remand with instructions that McCaslin receive credit for pretrial incarceration time served against his current fully suspended sentence.

## BACKGROUND

¶4 Pursuant to a plea agreement, McCaslin pled guilty to one count of failure to register as a sexual or violent offender. At McCaslin's sentencing hearing, the State and McCaslin stipulated McCaslin should receive credit for 142 days of pretrial incarceration he served. Both parties recommended the District Court follow the plea agreement, which provided for a five-year suspended sentence.

¶5 The District Court committed McCaslin to the DOC for five years, all suspended. Applicable to this appeal, the District Court ordered that "[McCaslin] will be credited for 142 days in detention against any future revocation commitment sentence." Similarly, the written judgment provides that "[McCaslin] shall receive credit for one hundred forty two

2

(142) days for time served in detention prior to sentencing, which shall only be applied toward any future time served in State custody due to a revocation of this sentence."

## STANDARD OF REVIEW

¶6    This Court reviews sentences that impose less than one year of actual incarceration for legality and an abuse of discretion. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017.  In the present case, this Court will review McCaslin's sentence for legality only because he does not argue his sentence constitutes an abuse of discretion.  The determination of legality is a question of law that we review de novo. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15.  A sentence is legal if it falls within statutory parameters. *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d 25.

## DISCUSSION

¶7    *Whether the District Court erred in crediting pretrial incarceration time McCaslin served to any future revocation of his suspended sentence, rather than to his current fully suspended sentence*.

¶8    As an initial matter, we note McCaslin argues for the first time on appeal that he was not properly awarded credit for pretrial incarceration time served.  Generally, this Court will not review an issue raised for the first time on appeal; however, we will review a plausible allegation that a sentence is illegal, even if the defendant did not object below. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).  Both McCaslin and the State agree giving McCaslin less credit than he is entitled to would violate statutory mandates.  Therefore, we consider this claim reviewable under *Lenihan*.

¶9 Section 46-18-403(1), MCA, provides that "[a] person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered *must be allowed credit* for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered." (Emphasis added.) The legislature enacted this statute to eliminate disparate treatment between indigent and nonindigent defendants. *State v. Kime*, 2002 MT 38, ¶ 15, 308 Mont. 341, 43 P.3d 290, *overruled on other grounds*, *State v. Herman*, 2008 MT 187, ¶ 12 n. 1, 343 Mont. 494, 188 P.3d 978. "[C]redit for time served is given so as not to penalize indigent defendants who are unable to post bail and must remain in custody until they are sentenced when nonindigent defendants may secure their release and remain free during that time period." *Kime*, ¶ 15.

¶10 McCaslin argues the plain language of § 46-18-403(1), MCA, requires the District Court to credit McCaslin's fully suspended sentence with the 142 days of pretrial incarceration he served. The State responds that McCaslin is not presently entitled to any credit because his fully suspended sentence does not constitute a "judgment of imprisonment" within the meaning of § 46-18-403(1), MCA. Thus, the question this Court must determine is whether McCaslin's suspended sentence constitutes a "judgment of imprisonment" for purposes of § 46-18-403(1), MCA.

¶11 This Court will read and construe a statute as a whole in order to avoid an absurd result and give effect to the statute's purpose. *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448. Statutory interpretation requires this Court " 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been

4

omitted or [to] omit what has been inserted.' " *State v. Lacasella*, 2002 MT 326, ¶ 14, 313 Mont. 185, 60 P.3d 975 (quoting § 1-2-101, MCA).

¶12 The State argues a "judgment of imprisonment" means an actual term of incarceration or commitment. The State bases its interpretation upon this Court's prior conclusion that a deferred imposition of sentence does not constitute a "judgment of imprisonment," *In re Gray*, 163 Mont. 321, 323, 517 P.2d 351, 352 (1973), and our previous characterization of a suspended sentence and deferred imposition of sentence as being very similar. *See In re LeDesma*, 171 Mont. 54, 56, 554 P.2d 751, 753 (1976) ("[A] suspended sentence and a deferred imposition of sentence are very similar."). The State argues a suspended sentence should not be treated differently from a deferred imposition of sentence and, therefore, should not constitute a "judgment of imprisonment."

¶13 The State asserts this Court's interpretation of the statute governing sentencing review, § 46-18-903, MCA, provides further support for its argument that a fully suspended sentence is not a "judgment of imprisonment." Under that statute, "[a] person sentenced to a term of [one] year or more in the state prison or to the custody of the department of corrections" may apply to have his or her sentence reviewed by the Sentence Review Division. Section 46-18-903, MCA. The State argues because this Court held in *State ex rel. Holt v. District Court* that a person with a ten-year suspended sentence is not eligible for sentence review because it is not a sentence to a term in prison or commitment, *State ex rel. Holt v. District Court*, 2000 MT 142, ¶¶ 4-10, 300 Mont. 35, 3 P.3d 608, a suspended sentence cannot constitute a "judgment of imprisonment" here. The State also argues

5

awarding McCaslin credit in the future if he is revoked is not unfair because incarceration and probation serve different purposes. *See U.S. v. Johnson*, 529 U.S. 53, 58-59, 120 S. Ct. 1114, 1118-19 (2000) (holding the defendant was not entitled to have his supervised release time reduced by time served in prison because incarceration and supervised release are two different sentences and are not interchangeable).

¶14    The State's reliance upon *Gray* and *LeDesma* is misplaced, as it neglects to recognize the fundamental difference between a deferred imposition of sentence and suspended execution of sentence. This Court has explained the difference between a suspended and deferred imposition of sentence as follows:

> Where the defendant is granted a suspended sentence, sentence is imposed and execution of the sentence is suspended in whole or in part up to the maximum time of sentence allowed by law and the defendant can be released on probation during the time interval with the conditions of probation imposed by the court. Where the defendant is granted deferred imposition of sentence . . . the verdict or plea will be taken and the imposition of sentence deferred, or if you prefer, stayed, for a period not to exceed three years. The court can impose conditions of probation during this time of deferment which are not in contradiction to a stay of sentence or deferred sentence. This then means defendant will not be sentenced, which includes a sentence to a term in jail.

*State v. Drew*, 158 Mont. 214, 217, 490 P.2d 230, 232 (1971) (emphasis in original deleted).[1]

In sum, with a suspended sentence, the sentence is imposed, but then suspended in whole or in part. With a deferred imposition of sentence, the sentence is not imposed. Although this Court stated in *LeDesma* that a suspended sentence and deferred imposition of sentence are very similar, we made this statement in the context of revocation proceedings, noting it was

---

[1] *Drew* involved the interpretation of a substantially similar predecessor to § 46-18-201, MCA.

"unlikely that the legislature intended that a person receiving a deferred imposition of sentence be entitled to credit for the time spent in jail as a condition of the deferment if such deferment is revoked, but the person receiving a suspended sentence is not so entitled." *LeDesma*, 171 Mont. at 56-57, 554 P.2d at 753. Therefore, had McCaslin's sentence been deferred, *Gray* would control, and he would not be entitled to credit for pretrial incarceration time served against the length of deferment because a "judgment of imprisonment" was not imposed. However, that is not the case here. The District Court imposed McCaslin's sentence, then suspended any actual incarceration term.

¶15 Similarly, we are not persuaded by the State's argument that *Holt* requires us to exclude a suspended sentence from § 46-18-403(1), MCA. In *Holt*, this Court interpreted the phrase "sentenced to a term of [one] year or more in the state prison." In concluding this phrase restricted sentence review to defendants actually incarcerated, we read the statute as a whole and interpreted the statute in order to avoid the absurd result that a defendant with a suspended sentence would initially be eligible for review of his suspended sentence but then if later revoked, would be time-barred from review of an un-suspended sentence. *Holt*, ¶¶ 6-10. In the present case, including a suspended sentence as a "judgment of imprisonment" and applying pretrial incarceration time served toward a suspended sentence does not create the same absurdities that we sought to avoid in *Holt*. Likewise, the State's reliance upon *Johnson* is misplaced because Montana's suspension of a sentence's execution is a different mechanism from federal supervised release, which is a separate transitional term between the end of prison and the beginning of community life. *See Johnson*, 529 U.S. at 56-60, 120 S.

7

Ct. at 1117-19. Finally, the interpretation the State urges us to adopt would, in the present case, violate the general purpose behind § 46-18-403(1), MCA, of eliminating disparate treatment between indigent and nonindigent defendants. *See Kime*, ¶ 15.

## CONCLUSION

¶16 McCaslin's suspended sentence constitutes a "judgment of imprisonment" within § 46-18-403(1), MCA. His suspended sentence must be credited with the 142 days of pretrial incarceration he served. We reverse and remand this matter to the District Court with instructions that the District Court apply McCaslin's 142 days of pretrial incarceration time served to his five-year fully suspended sentence.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

8