No. 13316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———————

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DERYL OPENSHAW and CHARLES MAXWELL,

Defendants and Appellants.

———————

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Kampfe, Tolliver and Wright, Billings,
Montana
D. Frank Kampfe argued, Billings, Montana

For Respondent:

Hon. Michael Greely, Attorney General, Helena,
Montana
Harold Hanser, County Attorney, Billings, Montana
Charles A. Bradley, Deputy County Attorney, argued,
Billings, Montana

———————

Submitted: January 24, 1977

Decided: JUN - 7 1977

Filed: JUN - 7 1977

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendants appeal from the judgment of the district court, Yellowstone County, which denied defendants' motion to reinstate their not guilty pleas and deferred defendants' sentence for one year upon the condition defendants serve one year in the Yellowstone County jail, while participating in a work release program.

On October 20, 1975, the Yellowstone County attorney filed an Information charging defendants with theft of a Black Angus steer, in violation of section 94-6-302(1), R.C.M. 1947. Defendants were taken into custody and, after pleading not guilty to the offense as charged, released on bond pending trial before Hon. Robert H. Wilson. On February 9, 1976, defendants appeared for arraignment before Hon. Charles Luedke. During the arraignment defendants made a motion to withdraw their former pleas of not guilty to plead guilty to felony theft. The district court accepted defendants' guilty pleas and ordered pre-sentence investigative reports be submitted to the court prior to pronouncement of judgment and sentencing, set for February 20, 1976. On February 20, 1976, defense counsel reasserted defendants' desire to withdraw their original pleas of not guilty and enter pleas of guilty to the charge in the Information. The district court granted defendants' motion after ascertaining that defendants were acting voluntarily and were aware of the consequences of a guilty plea.

On March 5, 1976, defense counsel filed an affidavit in support of a motion to withdraw the guilty pleas previously entered. On March 23, 1976, the district court, Hon. Robert H. Wilson presiding, denied defendants' motion to withdraw the guilty pleas and

proceeded to pronounce judgment and sentence defendants.

The district court ordered defendants' sentence be deferred for one year, the defendants to be placed on probation under the supervision of the State Board of Pardons. One of the conditions of the one year deferred sentence was that defendants serve one year in the Yellowstone County jail while taking part in a work release program which would allow defendants to continue in their employment.

Defendants present two issues for review:

1. Did the district court err when it refused to grant defendants' motion for withdrawal of guilty plea?

2. Did the district court abuse its discretion when it deferred imposition of defendants' sentence, but required defendants to serve one year in the Yellowstone County jail with release for working hours?

Defendants initially contend the district court erred when it denied defendants' motion to withdraw their guilty pleas and reenter their original pleas of not guilty. Defendants' argue that when they plead guilty to theft they misunderstood the element of intent. Since defendants shot the steer while "spotlighting" deer, they conclude the taking of the property was accidental and the criminal theft fails. The prima facie case for theft is set forth in section 94-6-302(1), R.C.M. 1947:

> "(1) A person commits the offense of theft, when he purposely or knowingly obtains or exerts unauthorized control over property of the owner, and:
>
> "(a) has the purpose of depriving the owner of the property; or
>
> "(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
>
> "(c) uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner of the property."

- 3 -

Criminal intent at the time of the shooting of the steer is unnecessary under the present facts. Even if the steer was shot "accidentally", defendants satisfied the prima facie case for theft when they knowingly butchered a steer belonging to another and carred the carcass to their home, thus depriving the lawful owner of his personal property. When defendants initially withdrew their plea of not guilty in order to enter a plea of guilty the district court judge thoroughly questioned defendants on the voluntariness of their act and their knowledge of the consequences of the guilty plea:

"THE COURT:

"* * * Now, under this charge what they're saying is that you stole and butchered a steer, and when you plead guilty you're telling me that's (w)hat you did. Is that what you did?"

Defendants answered in the affirmative.

We hold the district court fully discharged its duty to insure that defendants submitted their guilty plea voluntarily and understood the consequences of the plea. Once defendants entered a plea of guilty they admitted all issues of fact and nothing remained to go before a jury. The district court did not err when it failed to grant defendants' subsequent motion to withdraw the plea of guilty and reenter the plea of not guilty. State v. Scalise, 131 Mont. 238, 309 P.2d 1010.

Defendants' second issue on appeal attacks the district court's pronouncement of sentence. The district court deferred defendants' sentence for one year but imposed a one year term in the Yellowstone County jail with release during normal working hours. Section 95-2206 (1), R.C.M. 1947, is controlling:

- 4 -

"Whenever any person has been found guilty of a crime or offense upon a verdict or a plea of guilty the court may:

"(1) Defer imposition of sentence for a period not to exceed one (1) year for any misdemeanor; for a period not to exceed three (3) years for any felony. The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition. Such reasonable restrictions or conditions may include:

"(a) jail base release;

"(b) jail time not to exceed ninety (90) days;

"(c) conditions for probation;

"(d) restitution;

"(e) any other reasonable conditions deemed necessary for rehabilitation or for the protection of society;

"(f) any combination of the above."

The significant phrase in section 95-2206(1) is "The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition." In the instant case the district court confined defendants to the Yellowstone County jail to be released during normal working hours, but required them to spend all weekends and all evenings in the Yellowstone County jail for the entire year of the deferred imposition of sentence. We find such a restriction or condition of deferred imposition of sentence to be unreasonable in light of the conditions of deferred sentence set out in section 95-2206(1)(b). We remand the cause to the district court for modification of sentence in accordance with section 95-2206(1)(b), which limits "jail time not to exceed ninety (90) days".

The judgment of the district court is affirmed in part and reversed in part, consistent with this opinion.

_____
Justice.

- 5 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -