Justice Laurie McKinnon delivered the Opinion of the Court.
*128 ***135 ¶1 Samantha Nelson (Nelson) appeals from a criminal sentence imposed by the Nineteenth Judicial District Court, Lincoln County. We affirm and address the following issue:
Did the District Court err by determining that § 46-18-201(1)(b), MCA, barred it from deferring the defendant's sentence?
***136 FACTUAL AND PROCEDURAL BACKGROUND
¶2 In May 2017, the State charged Nelson with felony criminal possession of dangerous drugs. Nelson pleaded guilty. The State and Nelson agreed to jointly recommend a two-year deferred sentence if Nelson was eligible and, if not, a two-year suspended sentence. It was later revealed that, in 2015, an Arizona state court convicted Nelson of second degree escape, a class five felony in Arizona with a maximum potential sentence of two years' imprisonment for a first-time felony offender. See Ariz. Rev. Stat. § 13-702(A)-(D). The Arizona court, however, sentenced Nelson to seventeen days in jail and one year of supervised probation. Nelson eventually discharged her one-year probation term.
¶3 Section 46-18-201(1)(b), MCA, provides that a court may not defer an offender's sentence in a felony case if she was previously convicted of a felony. The State and Nelson disagreed as to whether Nelson's Arizona conviction was a felony under § 46-18-201(1)(b), MCA. Nelson argued it was not a felony in Montana based on the sentence actually imposed by the Arizona court; the State argued it was a felony as designated by the Arizona court. The District Court ultimately agreed with the State and concluded Nelson's Arizona conviction was a felony that barred her from receiving a deferred sentence. The court accordingly imposed a two-year suspended sentence, as agreed to by the parties in the event Nelson was not eligible for a deferred sentence. Nelson appeals.
STANDARD OF REVIEW
¶4 District courts have broad discretion in determining an appropriate punishment and this Court only reviews a criminal sentence for legality-i.e., whether the sentence is within statutory parameters. State v. Webb , 2005 MT 5, ¶ 8, 325 Mont. 317, 106 P.3d 521. A district court's statutory interpretation is a question of law, which we review for correctness. Webb , ¶ 8.
DISCUSSION
¶5 Section 46-18-201(1)(b), MCA, provides that a sentencing judge may not defer an offender's sentence in a felony case if the offender was "convicted of a ***137 felony on a prior occasion, whether or not the sentence was imposed, imposition of the sentence was deferred, or execution of the sentence was suspended." In other words, a sentencing judge may only defer a first-time felony offender's sentence; he may not defer a felony sentence if the offender was "convicted of a felony on a prior occasion," regardless of whether the sentence was imposed, deferred, or suspended. Section 46-18-201(1)(b), MCA. In this case, we must determine whether a prior conviction is a felony that bars the sentencing judge from deferring the offender's sentence under § 46-18-201(1)(b), MCA, when the offender actually received a sentence of less than a year of imprisonment for the prior offense, although her potential sentence could have exceeded one year. Nelson argues a prior conviction is a felony under § 46-18-201(1)(b), MCA, only if the court actually sentenced the offender to imprisonment in a state prison for a term exceeding one year. The State, on the other hand, argues a prior conviction is a felony under § 46-18-201(1)(b), MCA, if the prior conviction's maximum potential sentence was death or imprisonment in a state prison for a term exceeding one year. For the reasons set forth below, we agree with the State and conclude a prior *129 conviction is a felony under § 46-18-201(1)(b), MCA, if the prior conviction's maximum potential sentence was death or imprisonment in a state prison for a term exceeding one year.
¶6 When interpreting a statute to discern legislative intent, "we first look to the statute's plain language. If that language is clear and unambiguous, no further interpretation is required." State v. Hastings , 2007 MT 294, ¶ 14, 340 Mont. 1, 171 P.3d 726. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.
¶7 Nelson urges us to use Title 45, MCA's narrow definition of "felony" to define a prior "felony" conviction under § 46-18-201(1)(b), MCA. Section 45-2-101, MCA, first provides that "the following definitions apply in [Title 45]." The statute then defines "felony" as "an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year." Section 45-2-101(23), MCA. The statutory definition is narrow; it classifies an offense as a felony based on the actual sentence imposed. While the definition of "felony" in Title 45, MCA, may be helpful in ascertaining the term's general meaning, § 45-2-101, MCA, explicitly explains that its definitions only apply in Title 45, MCA, and applying that definition to the term "felony" in § 46-18-201(1)(b), MCA, creates an internal inconsistency in the statute.
¶8 "Whenever the meaning of a word or phrase is defined in any part of this code, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." Section 1-2-107, MCA. Section 46-18-201(1)(b), MCA, ***138 provides that a sentencing judge may not defer a sentence in a felony case when the offender has a prior felony conviction, regardless of "whether or not the sentence was imposed, imposition of the sentence was deferred, or execution of the sentence was suspended." The statute's plain language clearly specifies that the prior conviction's felony classification does not depend on whether the sentence was imposed, deferred, or suspended. The statute therefore unquestionably expands the scope of Title 45, MCA's definition of "felony," which limits the classification to the sentence imposed. The Legislature clearly intended to broadly classify a prior felony conviction under § 46-18-201(1)(b), MCA, not limit the classification to the actual sentence imposed. The more particular statute, § 46-18-201(1)(b), MCA, specifically barring the sentencing judge from deferring a second-time felony offender's sentence, regardless of whether the prior felony sentence was imposed, deferred, or suspended, controls over the more general statute, § 45-2-101(23), MCA, defining felony for all of Title 45, MCA, and classifying a felony offense based only on the sentence actually imposed. See § 1-2-102, MCA ("When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it."). We accordingly decline to apply the narrow definition of "felony" in Title 45, MCA, to § 46-18-201(1)(b), MCA, because the statute plainly sets forth a contrary intention.
¶9 "This Court operates under the presumption that the Legislature does not pass meaningless legislation, and we will harmonize statutes relating to the same subject in order to give effect to each statute." State v. Brendal , 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448. Other statutes classify a "felony" more broadly than Title 45, MCA's narrow definition-there are instances in which a felony classification depends on the offense's maximum potential sentence instead of the actual sentence imposed. See, e.g. , § 46-1-202(18)(a), MCA. For example, when determining the court's jurisdiction at the action's commencement or when determining the statute of limitations, an offense is designated as either a felony or a misdemeanor "based upon the maximum potential sentence which could be imposed by statute." Section 45-1-201(1), MCA. The plain language of § 46-18-201(1)(b), MCA, clearly states that the prior conviction's felony classification is independent of the actual sentence imposed, and therefore it is most appropriate to classify *130 a prior conviction based on the prior offense's maximum potential sentence.
¶10 The statutes explaining felony sentences, notwithstanding their differences regarding whether the sentence is actually imposed, ***139 explain that a felony is an offense for which the sentence could be death or imprisonment exceeding one year. Compare § 45-2-101(23), MCA (defining felony as "an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year"), with § 46-1-202(18)(a), MCA (noting that, for the purpose of designating a persistent felony offender, a prior felony conviction is any offense that was committed in Montana or any other jurisdiction "for which a sentence of imprisonment in excess of 1 year could have been imposed"). By harmonizing the plain language of § 46-18-201(1)(b), MCA, with the various ways the Legislature classifies a felony,[1] we conclude a prior felony conviction under § 46-18-201(1)(b), MCA, is a conviction of an offense in any jurisdiction that has a maximum potential sentence of death or imprisonment exceeding one year.
¶11 In this case, the prior conviction at issue is Nelson's 2015 Arizona conviction for escape, a class five felony in Arizona. In Arizona, a class five felony has a maximum potential sentence of two years' imprisonment for a first-time felony offender. Ariz. Rev. Stat. § 13-702(A)-(D). Because Nelson's Arizona conviction had a maximum potential sentence of imprisonment exceeding one year, it is a prior felony conviction under § 46-18-201(1)(b), MCA. Section 46-18-201(1)(b), MCA, accordingly barred the District Court from deferring Nelson's sentence for felony criminal possession of dangerous drugs. We therefore affirm the court's two-year suspended sentence based on the parties' agreement.
CONCLUSION
¶12 Whether a prior conviction is classified as a felony under § 46-18-201(1)(b), MCA, depends on the prior conviction's maximum potential sentence, not on the sentence actually imposed. Under ***140 § 46-18-201(1)(b), MCA, a prior felony conviction is a prior conviction in any jurisdiction for which the maximum potential sentence was death or imprisonment in a state prison for a term exceeding one year. Accordingly, a sentencing judge may not defer a sentence in a felony case if the offender was previously convicted of an offense for which the maximum potential sentence was death or imprisonment in a state prison for a term exceeding one year. In this case, the District Court correctly determined that § 46-18-201(1)(b), MCA, barred it from deferring Nelson's sentence and we accordingly affirm Nelson's two-year suspended sentence.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.

See generally § 45-1-201(1), MCA ("For [certain purposes], the offense shall be designated a felony or misdemeanor based upon the maximum potential sentence which could be imposed by statute."); § 45-2-101(23), MCA (defining felony as "an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year"); § 46-18-201(1)(b), MCA (providing that the court may not defer a sentence in a felony case if the offender was "convicted of a felony on a prior occasion, whether or not the sentence was imposed, imposition of the sentence was deferred, or execution of the sentence was suspended"); § 46-1-202(18)(a), MCA (noting that, for the purpose of designating a persistent felony offender, a prior felony conviction is any offense that was committed in Montana or any other jurisdiction "for which a sentence of imprisonment in excess of 1 year could have been imposed").