DA 19-0411

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 162

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TERENCE JAMES THIBEAULT,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 19-0297
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Shannon Sweeney, Attorney at Law, Anaconda, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney
General, Helena, Montana

Scott D. Twito, Yellowstone County Attorney, Ed Zink, Deputy Chief
County Attorney, Billings, Montana

Submitted on Briefs: March 17, 2021

Decided: July 6, 2021

Filed:

_____
Clerk

FILED

07/06/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0411

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Terence J. Thibeault appeals the May 2019 judgment of the Thirteenth Judicial District Court, Yellowstone County, affirming his January 2019 judgment of conviction in Yellowstone County Justice Court on the offense of criminal possession of drug paraphernalia, a misdemeanor in violation of § 45-10-103, MCA. We address the following restated issue:

> *Whether the Justice Court illegally imposed a 10-day jail term as a condition of a deferred imposition of sentence?*

We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 In the late evening of July 14, 2018, a Montana Highway Patrol Trooper responded to a reckless driving report on Interstate-90 near the Interstate-94 interchange in the City of Billings, Montana. The citizen report included a vehicle description, license plate number, and reported that the driver was speeding, nearly lost control, and had used the authorized-vehicles-only turnaround. The responding Trooper soon located a vehicle matching the reported description and plate number traveling westbound on I-94. Upon stopping the vehicle, the Trooper identified the driver as 19-year-old Thibeault, who stated that he and his passenger, the registered owner of the vehicle, were returning from an overnight trip to Denver, Colorado, where they had visited a friend. Based on circumstantial suspicion of possible drug activity, the Trooper asked for and obtained

2

consent to search the vehicle.[1]  The subsequent search revealed a bag in the trunk containing a pipe used for smoking marijuana concentrate (*i.e.*, hash oil) and a small, commercially-labelled medical marijuana receptacle containing an apparent marijuana product.  The Trooper issued Thibeault a traffic violation warning, but cited him into Yellowstone County Justice Court for misdemeanor possession of drug paraphernalia.  He disregarded the citation, however, and failed to appear as directed.

¶3    When Thibeault later appeared on an unrelated criminal matter in August 2018,  the Justice Court took notice of the prior matter and conducted an initial appearance and arraignment on the paraphernalia charge.  Asked why he failed to comply with the earlier notice to appear, Thibeault explained that he simply "forgot" about it.  At the conclusion of the arraignment, the Justice Court specifically warned Thibeault that he would be subject to arrest and jail-time if he did not timely appear at his upcoming Omnibus Hearing.  Despite the warning, Thibeault failed to appear for the Omnibus Hearing and a bench warrant issued for his arrest.

¶4    On January 29, 2019, however, Thibeault appeared with counsel for his previously scheduled bench trial.  After quashing the bench warrant and proceeding with trial, the Justice Court found him guilty of criminal possession of drug paraphernalia, as charged.  At sentencing, the State acknowledged that it was Thibeault's first paraphernalia conviction and that, pursuant to § 45-10-103, MCA, a presumption of entitlement to a

---

[1] The sufficiency of the Trooper's suspicion as justification for changing the focus of the traffic stop is not at issue on appeal.

deferred imposition of sentence applied. Concurring, the Justice Court deferred imposition of sentence for a period of six months, but subject to the conditions that Thibeault pay a $350 fine, pay various statutory surcharges, complete 20 hours of community service, and serve 10 days in the county jail. The court further ordered, however, that he could avoid the imposed fine and jail-time if he timely completed his community service obligation, and worked for five days in the Yellowstone County Sheriff's Labor Detail program, within 60 days of sentencing. Thibeault did not object to any aspect of the imposed sentence or conditions of deferral.

¶5      On appeal to district court, however, he asserted that the jail-time condition was an illegal condition of a deferred sentence in violation of § 45-10-103, MCA (presumption of entitlement to deferred sentence). The District Court affirmed on the stated ground that the jail-time condition was a facially legal probation condition, expressly authorized as a condition of a deferred sentence by § 46-18-201(4)(b), MCA. Thibeault timely appeals.

**STANDARD OF REVIEW**

¶6      On appeal from a justice court of record, district courts function as intermediate appellate courts with review confined to the record and questions of law. Sections 3-5-303 and 3-10-115(1), MCA; *Stanley v. Lemire*, 2006 MT 304, ¶¶ 24-25, 334 Mont. 489, 148 P.3d 643.[2] District courts accordingly review justice court of record findings of fact only for clear error, conclusions and applications of law de novo for correctness, and discretionary rulings for an abuse of discretion. *Stanley*, ¶ 25. On subsequent appeal from

---

[2] The Yellowstone County Justice Court is a court of record as defined by § 3-10-101(5), MCA.

4

district court to this Court, we independently review the justice court findings of fact, conclusions and applications of law, and discretionary rulings under the same standards as if directly appealed here. *Stanley*, ¶ 26.

¶7      Criminal sentences eligible for statutory sentence review are subject to review on direct appeal only for legality, *i.e.*, whether the court sentenced the defendant in accordance with governing statutory and constitutional parameters and requirements. *State v. Herman*, 2008 MT 187, ¶ 11, 343 Mont. 494, 188 P.3d 978; *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815; *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206; *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017; *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. *See also State v. Greeson*, 2007 MT 23, ¶¶ 6-10, 336 Mont. 1, 152 P.3d 695 (in re constitutionality of probationary search condition—citing *State v. Moody*, 2006 MT 305, 334 Mont. 517, 148 P.3d 662).[3]   In contrast, sentences not subject to sentence review are subject to review on direct appeal both for threshold legality and, to the extent discretionary, an abuse of discretion. *State v. Ashby*, 2008 MT 83, ¶ 8, 342 Mont. 187, 179 P.3d 1164; *Herd*, ¶¶ 22-23. *Accord City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 12, 396 Mont. 57, 443 P.3d 504. As distinct from the predicate sentence to which they pertain, discretionary conditions of deferred and suspended sentences are subject to review both for threshold legality and an abuse of

---

[3] Sentence review generally applies only to unsuspended terms of imprisonment in the state prison, and unsuspended commitments to the Montana Department of Corrections (MDOC) for appropriate correctional placement, for terms of "1 year or more." *See* § 46-18-903(1), MCA; *Herd*, ¶¶ 19-23.

discretion, regardless of eligibility for sentence review. *State v. Robertson*, 2015 MT 266, ¶ 7, 381 Mont. 75, 364 P.3d 580; *Ashby*, ¶ 9.

## DISCUSSION

¶8     *Whether the Justice Court illegally imposed a 10-day jail term as a condition of a deferred imposition of sentence?*

¶9     As a general rule, issues not preserved by contemporaneous objection are waived, and therefore not subject to review on subsequent appeal. Section 46-20-104(2), MCA; *State v. Parkhill*, 2018 MT 69, ¶ 16, 391 Mont. 114, 414 P.3d 1244; *Ashby*, ¶ 22; *State v. Kotwicki*, 2007 MT 17, ¶¶ 8 and 22, 335 Mont. 344, 151 P.3d 892. However, under our narrow sentence-specific exception to the contemporaneous objection/waiver rule first recognized in *State v. Lenihan*, 184 Mont. 338, 342-43, 602 P.2d 997, 999-1000 (1979), unpreserved assertions of error that a particular sentence or sentencing condition was either facially illegal (*i.e.*, of a type or character not authorized by statute or otherwise in excess of the statutorily authorized range or limit for that type of sentence or condition), or facially legal but authorized by a facially unconstitutional statute, are subject to review for the first time on appeal. *State v. Coleman*, 2018 MT 290, ¶¶ 7-11, 393 Mont. 375, 431 P.3d 26 (analyzing general objection/waiver rule, *Lenihan* exception, and inapplicability of *Lenihan* exception to unpreserved as-applied constitutional sentencing challenges); *Parkhill*, ¶ 16 (*Lenihan* exception inapplicable to unpreserved as-applied constitutional challenge to no-contact condition of probation on PFMA sentence); *State v. Strong*, 2009 MT 65, ¶¶ 7-16, 349 Mont. 417, 203 P.3d 848 (applying *Lenihan* exception to facial equal protection challenge of sentencing statute but not as-applied challenge); *Kotwicki*, ¶¶ 6-22

6

(*Lenihan* exception not applicable to unpreserved statutory non-compliance and as-applied due process challenge that court illegally imposed statutorily authorized fine without complying with statutory requirement for consideration/determination in re ability to pay); *State v. Garrymore*, 2006 MT 245, ¶¶ 9-15, 17, and 35, 334 Mont. 1, 145 P.3d 946 (applying *Lenihan* exception to unpreserved objection that statutorily authorized parole restriction violated § 46-1-401, MCA, and related federal and state constitutional rights); *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000 (unpreserved objection to sentence reviewable on appeal upon allegation that sentence "is illegal or exceeds statutory mandates"). Thibeault asserts that the imposition of a 10-day jail term as a condition of his deferred imposition of sentence is facially illegal in contravention of § 45-10-103, MCA. We thus review his unpreserved assertion of error under the *Lenihan* exception.

¶10 The sentencing authority of a criminal court derives solely from and is constrained by statutory law. *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, 966 P.2d 133. Courts accordingly have no authority to impose a sentence or sentencing provision not authorized by statute. *Hicks*, ¶ 41 (citing *State v. Ruiz*, 2005 MT 117, ¶ 12, 327 Mont. 109, 112 P.3d 1001); *Nelson*, ¶ 24; *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993). Moreover, courts may exercise granted sentencing authority only to the extent and in the manner authorized by statute. *Lenihan*, 184 Mont. at 342, 602 P.2d at 1000 (citation omitted). A sentence or sentencing provision not authorized by statute, or that otherwise exceeds the statutorily authorized range or limit for that type of sentence or condition, is a facially illegal sentence or sentencing provision. *State v. Zimmerman*, 2010 MT 44, ¶ 13,

7

355 Mont. 286, 228 P.3d 1109; *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242; *Ruiz*, ¶ 12.[4]

¶11   Under the 1973 Montana Criminal Code, as amended, statutes defining particular offenses generally specify the maximum penalty for each, any mandatory minimum, and any other offense-specific penalty provisions or limitation. *See, e.g.*, §§ 45-1-201(2), 45-2-101(23), and (42), MCA. Within that framework, the 1967 Montana Code of Criminal Procedure, as amended, further specifies various permissible sentencing types, variants, special provisions, requirements, and restrictions. *See* §§ 46-18-201, -202, -205, and -211 through -219, MCA, *inter alia*.

---

[4] An otherwise facially legal sentence or condition is nonetheless illegal if not imposed in compliance with affirmative statutory prerequisites or mandates for that type of sentence or condition. *Zimmerman*, ¶ 13; *Heddings*, ¶ 11; *Ruiz*, ¶ 12. However, unlike those that are facially illegal or imposed pursuant to a facially unconstitutional statute, *unpreserved* challenges to sentences or conditions on the basis of non-compliance with affirmative statutory prerequisites or mandates for that type of sentence or condition are *not reviewable* under the *Lenihan* exception. *See, e.g.*, *Coleman*, ¶¶ 7-11 (*Lenihan* not applicable to as-applied constitutional challenge to no-cell phone/internet access sex offense condition); *Parkhill*, ¶ 16; (*Lenihan* not applicable to as-applied constitutional challenge to no-contact PFMA condition); *State v. Johnson*, 2011 MT 286, ¶ 14, 362 Mont. 473, 265 P.3d 638 (*Lenihan* not applicable to facially legal restitution obligation challenged due to insufficient documentation); *Strong*, ¶¶ 7-16 (*Lenihan* not applicable to as-applied constitutional challenge); *Ashby*, ¶ 22 (distinguishing between illegal sentences or conditions from those merely "objectionable" for purposes of *Lenihan* exception); *Kotwicki*, ¶¶ 8-22 (*Lenihan* not applicable to unpreserved statutory non-compliance and as-applied due process challenges to fine/fees based on failure to consider ability to pay); *State v. Nelson*, 274 Mont. 11, 17-20, 906 P.2d 663, 666-68 (1995) (*Lenihan* not applicable to facially legal sentence challenged due to failure to properly consider non-violent offender status). In contrast to the sentence-specific *Lenihan* exception, the common law plain error doctrine is a separate and generally applicable exception to the contemporaneous objection/waiver rule. *See State v. Barrows*, 2018 MT 204, ¶ 8, 392 Mont. 358, 424 P.3d 612; *State v. Lawrence*, 2016 MT 346, ¶ 9, 386 Mont. 86, 385 P.3d 968. However, we generally decline to invoke plain error review of an unpreserved challenge to a sentence or condition that is facially legal. *See Coleman*, ¶ 12; *Robertson*, ¶¶ 12-13; *State v. Mainwaring*, 2007 MT 14, ¶ 20, 335 Mont. 322, 151 P.3d 53. *See also State v. Yang*, 2019 MT 266, ¶ 34, 397 Mont. 486, 452 P.3d 897 (Baker, J., specially concurring—collecting cases).

¶12 Generally, the maximum penalty for criminal possession of drug paraphernalia is a term of "imprison[ment] in the county jail for not more than 6 months." Section 45-10-103, MCA. However, "except as otherwise specifically provided by statute," the court "may defer imposition of sentence" on a misdemeanor "for a period . . . not exceeding 1 year." Section 46-18-201(1)(a)(i), MCA. "When deferring imposition of sentence," the court "may impose . . . *any* reasonable restrictions or conditions during the period of the defer[al]" deemed "necessary for rehabilitation or . . . protection of . . . society." (Emphasis added.) *See* § 46-18-201(1)(a), (4)(b), and (p), MCA. *See similarly* § 46-18-202, MCA (authorizing imposition of various other specific sentencing restrictions and conditions in furtherance of "rehabilitation and the protection of . . . society"). "[E]xcept as otherwise specifically provided by statute," sentencing courts have broad discretion in determining whether to defer imposition of sentence in lieu of other available statutory sentencing alternatives and, within applicable constitutional and statutory parameters, to impose related conditions or restrictions of deferral. *See* §§ 46-18-201(1)(a), (4), and -202, MCA; *State v. Nelson*, 2019 MT 62, ¶ 4, 395 Mont. 134, 437 P.3d 127; *State v. Weigle*, 285 Mont. 341, 343, 947 P.2d 1053, 1055 (1997), *overruled on other grounds by Herman*, ¶ 12 n.1; *State v. Stumpf*, 187 Mont. 225, 226, 609 P.2d 298, 298-99 (1980).

¶13 In common usage, a deferred imposition of sentence is seemingly not a sentence at all, but rather a specified period of deferral preceding the actual imposition of sentence at some later date. However, as a technical matter of law, a deferred imposition of sentence is a final dispositive judgment of conviction and sentence, *i.e.,* a type of probationary sentence where the primary disposition is community release subject to conditions of the

9

deferral (*i.e.*, conditions of probation). *See* §§ 46-1-202(7), (11), (21), (25), 46-18-201(1)(a), (4), and -202, MCA; *State v. Tomaskie*, 2007 MT 103, ¶¶ 9-13, 337 Mont. 130, 157 P.3d 691. *See also* § 1-2-106, MCA ("technical words and phrases . . . as have acquired a peculiar and appropriate meaning in law . . . are to be construed according to such peculiar and appropriate meaning"). In contrast, a suspended sentence is a sentence of direct imprisonment in the state prison or a county jail, or alternative MDOC commitment in felony cases under certain circumstances, for a specified term, but suspended for community release subject to conditions of suspension (*i.e.*, conditions of probation). *See* §§ 46-1-202(21), (25), 46-18-201(2)-(4), and -202, MCA. A deferred imposition of sentence is similar to a suspended sentence of imprisonment or MDOC commitment insofar that both are probationary sentences generally involving community release subject to conditions of probation, the violation of which may result in revocation and resentencing, *inter alia*. *See* §§ 46-1-202(21), (25), 46-18-201(1)(a), (2)-(4), -202, and -203, MCA.

¶14    A deferred sentence differs from a suspended sentence, however, in two significant regards. First, the options on revocation of a suspended sentence are limited to either "requir[ing] the offender to serve . . . the sentence [originally] imposed" or resentencing to "any sentence that could have been [originally] imposed that does not include a longer [term of] imprisonment or commitment . . . than the original sentence." Section 46-18-203(7)(a)(iii), MCA. In contrast, on revocation of a deferred sentence, the court may, without similar restriction, resentence the offender to "any sentence" it could "have originally imposed." Section 46-18-203(7)(a)(iv), MCA. Second, a deferred sentence

10

further differs from a suspended sentence insofar that, unlike the permanent record nature of a suspended sentence, a deferred imposition of sentence provides the offender the opportunity, upon successful completion of the period and conditions of the deferral, for withdrawal/striking of the underlying plea, verdict, or finding of conviction and retroactive dismissal of the charge, thereby clearing the conviction from the offender's public criminal history record and future consideration as a predicate prior conviction for purposes of penalty enhancement upon a subsequent conviction. *See* § 46-18-204, MCA (providing for retroactive dismissal and rendering "all records and data relat[ed] to the charge . . . confidential criminal justice information, as defined in 44-5-103," and barring "public access" thereto except upon "district court order upon good cause shown");[5] *Tomaskie*, ¶¶ 13-15 (prior criminal possession of dangerous drugs conviction retroactively dismissed under § 46-18-204, MCA, not countable as predicate prior offense for penalty enhancement upon subsequent conviction on same offense); *State v. Gladue*, 209 Mont. 235, 239-41, 679 P.2d 1256, 1259 (1984) (prior felony retroactively dismissed after completion of deferred sentence under § 46-18-204, MCA, not countable as a predicate prior conviction for purposes of persistent felony offender penalty enhancement).[6] *Accord State ex rel.*

---

[5] The Montana Criminal Justice Information Act distinctly defines and distinguishes between "confidential criminal justice information" and "public criminal justice information," and then strictly regulates the authorized use and dissemination of "confidential criminal justice information." Sections 44-5-101, -103, -301, -303, -305, and -311, MCA.

[6] *Compare Smith v. Missoula County*, 1999 MT 330, ¶¶ 18-22, 297 Mont. 368, 992 P.2d 834 (prior felony conviction dismissed upon completion of deferred sentence properly considered by sheriff in assessment of subsequent application for concealed weapons permit—citing §§ 44-5-303(1) and 46-18-204, MCA (1995)); *State v. Brander*, 280 Mont. 148, 151-57, 930 P.2d 31, 33-37 (1996) ("[u]nlike expunged records . . ., classification of records as confidential criminal justice information does not prevent a court from reviewing those records, but merely restricts the

11

*Woodbury v. Mont. Thirteenth Jud. Dist. Ct.*, 159 Mont. 128, 134, 495 P.2d 1119, 1122 (1972) (noting similar distinguishing aspect and effect under then-governing statute providing for expungement of the defendant's "record" on dismissal following successful completion of the deferred sentence).[7]

¶15    Like persons convicted of first-offense criminal possession of dangerous drugs (CPDD), those convicted of first-offense criminal possession of drug paraphernalia (CPDP) are "presumed to be entitled to a deferred imposition of sentence of imprisonment." Sections 45-10-103 and 45-9-102(3), MCA. As we recently noted regarding the identical CPDD presumption, the Legislature provided those presumptions:

> to avoid the devastating consequences of a . . . conviction [on an illegal drug-related possession charge] where a defendant is young or . . . has shown [the prior] ability to maintain a law-abiding lifestyle. [They] provide[] incentive for a defendant who has shown the ability to maintain a law-abiding lifestyle to demonstrate . . . [the ability] to adjust his or her conduct accordingly following an [apparently] aberra[nt] [incident] while still permitting the court to impose a period of supervision and other conditions during the deferral period.

---

dissemination . . . to criminal justice agencies and others authorized by law"—courts are not "restricted from reviewing criminal records simply because those records are classified as confidential"—citing §§ 44-5-103(3), (7), and -303, MCA). *But see* § 46-18-201(1)(b), MCA (deferred imposition of sentence not available for an offender previously convicted of a felony offense, regardless of "whether or not the [prior] sentence was imposed, . . . deferred, or . . . suspended").

[7] Originally, the 1967 Criminal Code simply provided for dismissal of the charge on motion after successful completion of the deferred sentence. Section § 95-2207, RCM (1947) (1967 Mont. Laws ch. 196, § 1). The 1987 Legislature later provided for complete expungement of "the defendant's record" on the dismissal. Section 46-18-204, MCA (1987 Mont. Laws ch. 147, § 1). The 1989 Legislature then eliminated complete expungement on dismissal and replaced it with classification of all related records and information regarding the conviction as "confidential criminal justice information," restricted from "public access" except upon district court order on "good cause shown." Section 46-18-204, MCA (1989 Mont. Laws ch. 463, § 1).

*State v. Doubek*, 2021 MT 76, ¶ 14, 403 Mont. 514, 483 P.3d 1095. *Accord* § 46-18-201, MCA, Annotations, Commission Comments (1969) (deferred sentence "principally constructed for the benefit of a young offender who has no previous criminal record" so that "one mistake will not [forever] plague [the person] for the rest of [the person's] life").[8] However, as with the identical CPDD presumption, the CPDP presumption:

> is not conclusive and may be overcome by evidence on the trial or sentencing hearing record of some substantial aggravating circumstance such as . . . evidence that either elevates the circumstances of the offense itself beyond a typical prima facie case in nature, degree, or effect or involves subsequent post-offense, presentence conduct indicating continued criminal propensity. . . . The sentencing court has broad discretion to determine whether an aggravating factor exists based on evidence on the trial or sentencing hearing record and pertinent correctional and sentencing policies defined by statute.

---

[8] The drug offense deferred sentence presumption first appeared in Montana's 1969 Dangerous Drug Act and originally applied to both first-offense criminal possession of dangerous drugs, and first-offense criminal sale of dangerous drugs, committed by offenders not older than 21 years of age. *See* Sections 54-133(5) and -132(b), RCM (1947) (1969 Mont. Laws ch. 314, §§ 4, 5). The 1973 Legislature increased the maximum penalty for criminal sale of dangerous drugs and accordingly eliminated the deferred sentence presumption for that offense. Section 54-132(b), RCM (1947) (1973 Mont. Laws ch. 412, § 24 and ch. 55, § 1). The 1981 Model Drug Paraphernalia Act for the first time criminalized the possession of drug paraphernalia, but did not include a presumption of entitlement for youthful first-time offenders similar to that provided for first-time CPDD offenders. Section 45-10-103, MCA (1981 Mont. Laws ch. 481, § 3). The 2001 Legislature corrected that apparent oversight by providing similar presumptions of entitlement to a deferred sentence to first-time CPDD and CPDP offenders, regardless of age. *See* §§ 45-9-102(6) and 45-10-103, MCA (2001 Mont. Laws ch. 100, §§ 1, 2); H.R. 174, 57th Leg., Reg. Sess. (2001); *House Judiciary Committee Hearing Minutes on HB 174* (Jan. 15, 2001); *Senate Judiciary Committee Hearing Minutes and Executive Action on HB 174* (Mar. 2, 2001). The current reference in both statutes to "deferred imposition of sentence *of imprisonment*" (emphasis added) first appeared in the 1983 amendment of the CPDD statute. *See* § 45-9-102(5), MCA (1983 Mont. Laws ch. 612, § 2). While the legislative history does not indicate the rationale for this insertion, it clearly refers to a deferred imposition of sentence as an alternative to a direct sentence of "imprisonment in the county jail" or "imprison[ment] in the state prison" as referenced in § 45-9-102(2) and (4), MCA (1983 Mont. Laws ch. 612, § 2), and since similarly carried forward without distinction in the post-2001 conformed versions of §§ 45-9-102 and 45-10-103, MCA (CPDD and CPDP).

*See State v. Wilkes*, 2021 MT 27, ¶ 18, 403 Mont. 180, 480 P.3d 823 (citing *State v. Bolt*, 204 Mont. 261, 264, 664 P.2d 322, 324-25 (1983)—internal punctuation and other internal citations omitted). *Accord Doubek*, ¶¶ 15-20 (applying *Wilkes* but holding that the record was insufficient upon which to find substantial aggravating circumstances overcoming the presumption).[9] In the absence of substantial aggravating circumstances overcoming the presumption, the otherwise broad discretion of the court to determine whether a deferred sentence is an appropriate sentence under the facts and circumstances of a particular case is constrained by the identical presumptions of entitlement to a deferred sentence provided in §§ 45-9-102(3) and 45-10-103, MCA. *Bolt*, 204 Mont. at 264-65, 664 P.2d at 324 (construing identical language of § 45-9-102(5), MCA (1981)).

¶16    In addition to generally authorizing sentencing courts to "impose . . . any reasonable restrictions or conditions during the period of the defer[al]" deemed "necessary for rehabilitation or . . . protection of . . . society," the Legislature has specifically enumerated a non-exhaustive list of "[r]easonable restrictions or conditions" that a court may impose "[w]hen deferring imposition of sentence." Section 46-18-201(4), MCA. Included in the list of specifically authorized conditions, *inter alia*, is "incarceration in a detention center not exceeding 180 days." Section 46-18-201(4)(b), MCA.[10] Thibeault asserts, however,

---

[9] *Compare Wilkes*, ¶¶ 19-21 and 29 (holding that the district court did not abuse its discretion in deviating from the presumption of entitlement to a deferred imposition of sentence on first-offense CPDD).

[10] The Code of Criminal Procedure first expressly authorized limited jail-time as a condition of a deferred imposition of sentence in 1973. *See* § 95-2206(1)(b), RCM (1947) (1973 Mont. Laws ch. 513, § 31—amending § 95-2206 to include "jail time not to exceed ninety (90) days" as a permissible "reasonable condition[] or restriction[]" of a deferred imposition of sentence). The 1983 Legislature expanded the permissible jail-time condition authorization from 90 to 180 days.

that § 46-18-201(4)(b), MCA, is irreconcilably inconsistent with the more particular provision of § 45-10-103, MCA (CPDP presumption of entitlement to "deferred imposition of sentence of imprisonment"), thus rendering his 10-day jail-time condition facially illegal. The State contrarily asserts that §§ 45-10-103 and 46-18-201(4)(b), MCA, are consistent, complementary statutory provisions.[11] We agree with the State.

¶17 When "general and particular [statutory] provision[s] are inconsistent," the particular generally controls over the general. Section 1-2-102, MCA. However, by its express terms, this general rule of statutory construction does not apply where the asserted general and particular statutory provisions are consistent. Here, the plain and unambiguous language of § 46-18-201(1)(a)(i) and (4)(b), MCA, specifically authorizes discretionary imposition of "incarceration in a detention center not exceeding 180 days," not as a "sentence of imprisonment" as authorized by §§ 45-10-103 and 46-18-201(3)(a)(iii), MCA, but as a "condition[]" of a "deferred imposition of sentence" as authorized by § 46-18-201(1)(a)(i) and (4)(b), MCA, and referenced in § 45-10-103, MCA. Nothing in the language of § 45-10-103, MCA, limits the express authorization provided by § 46-18-201(4)(b), MCA, when the presumption of entitlement to a deferred imposition of sentence

_____

Section 46-18-201(1)(a)(ii), MCA (1983 Mont. Laws ch. 581, § 9). In apparent conformance with the subsequently enacted statutory definition of "detention center," the 1999 Legislature replaced the statutory reference to "jail time" with the current reference to "incarceration in a detention center." *Compare* § 46-18-201(4)(b), MCA (1999 Mont. Laws ch. 505, § 1), *with* § 7-32-2120(1), MCA (1989 Mont. Laws ch. 461, § 1).

[11] The State alternatively asserts that the record in this case in any event manifests a case-specific evidentiary basis sufficient to overcome the presumption of entitlement to a deferred imposition of sentence. Since we decide this case based on the primary assertions of the parties, we need not address this alternative assertion.

applies. Section 45-10-103, MCA, merely specifies the presumption of entitlement to a deferred imposition of sentence, without limitation as to which or what type of conditions of deferral the sentencing court may impose as authorized under § 46-18-201(4), MCA.

¶18    We have long recognized the subtle, but technically significant statutory interplay between the nature of a deferred imposition of sentence, a statutory presumption thereto, and statutory authorization for imposition of jail-time as a condition thereof. In 1971, we considered whether the statutory presumption of entitlement of first-offense CPDD offenders to a deferred imposition of sentence under § 54-133(c), RCM (1947) (now § 45-9-102(3), MCA, as amended) precluded a sentencing court from imposing "jail time" as a reasonable condition of a deferred sentence under the pre-1973 version of § 95-2206, RCM (1947) (1967 Mont. Laws ch. 196, § 1—later repealed and replaced with 1973 Mont. Laws ch. 513, § 31 (now § 46-18-201(4)(b), MCA, as amended)). *See State v. Drew*, 158 Mont. 214, 215-17, 490 P.2d 230, 231-32 (1971). Unlike the current version of § 46-18-201, MCA, the pre-1973 version of § 95-2206, RCM (1947), did not expressly authorize limited jail-time as a condition of a deferred imposition of sentence and further, distinctly provided separate sentencing alternatives for release on probation, deferred imposition of sentence, suspended sentence, commitment "to a correctional institution," and imposition of "any restrictions or conditions on" any of those sentences as "deem[ed] necessary." *Drew*, 158 Mont. at 216, 490 P.2d at 232. Based on our grammatical characterization of a deferred imposition of sentence as merely a "stay" of sentencing rather than a sentence, we indiscriminately equated conditional jail-time as a "sentence to a term in jail," and thus inconsistent with "the end advantage to the entire concept of the deferred

16

sentence." *Drew*, 158 Mont. at 217, 490 P.2d at 232-33.[12] We accordingly reversed and remanded for entry of a "judgment and deferred sentence not inconsistent with" the pre-1973 version of § 95-2206(2), RCM (1947). *Drew*, 158 Mont. at 218, 490 P.2d at 233.

¶19 However, faced with the same issue on a petition for postconviction relief under the same pre-1973 statutory scheme a year later, we expressly "clarified" *Drew* under a more discriminate analysis. *See Woodbury*, 159 Mont. at 128-33, 495 P.2d at 1119-21. Upon the guilty plea of an 18-year-old defendant to first-offense criminal sale of dangerous drugs (based on the sale of "hits" of LSD to two teenage girls), the district court deferred imposition of sentence for a period of two years, subject to various conditions of probation including, *inter alia*, that the defendant serve 30 days in the county jail. *Woodbury*, 159 Mont. at 130, 495 P.2d at 1120. Finding the circumstances and issue "on 'all fours'" with *Drew*, we revisited the issue of whether "the concept of a 'deferred imposition of sentence,'" as imposed in accordance with a presumption of entitlement thereto, was inconsistent with imposing "a period of incarceration in jail . . . as a condition thereof." *Woodbury*, 159 Mont. at 133, 495 P.2d at 1121. This time, however, we noted "a valid [technical] distinction under the [pre-1973] law" between "granting a deferred imposition upon conditions" and "imposing a jail sentence with conditions." *Woodbury*, 159 Mont. at 133-36, 495 P.2d at 1121-23 (noting the distinguishing aspect of deferred sentences as the opportunity for subsequent withdrawal of guilty plea or striking of guilty verdict and

---

[12] In 1971, the referenced "end advantage" to a deferred imposition of sentence was discretionary withdrawal of guilty plea or striking guilty verdict and dismissal of the charged offense(s). Section 95-2207, RCM (1947) (1967 Mont. Laws ch. 196, § 1).

dismissal of the charged offense(s)).  While we did not directly overrule *Drew,* we further noted that it involved an anomalous combination of a sentence and a deferred imposition of sentence, and thus held that it was "distinguishable on its facts" and therefore "*clarified*" "to the extent . . . in conflict with what is herein stated."  *Woodbury*, 159 Mont. at 137, 495 P.2d at 1123 (emphasis added).[13]

¶20     In *In re Williams*, 145 Mont. 45, 399 P.2d 732 (1965), in the context of an original habeas corpus proceeding, we considered whether the *resentencing* to prison upon revocation of a previously imposed deferred imposition of sentence that was conditioned, *inter alia*, upon incarceration in the county jail during required alcohol treatment, subjected the offender to unconstitutional double jeopardy of imprisonment.  *Williams*, 145 Mont. at 49-51, 399 P.2d at 734-36.  In holding that it did not, we noted that a probation condition requiring the probationer to be "jail-based" did not "transform a probationary rule into a term of imprisonment" and that the condition was reasonably related "to [the] promot[ion] [of] the rehabilitation of an alcoholic as an alternative to sentencing . . . and punish[ment]." *Williams*, 145 Mont. at 56-57, 399 P.2d at 738-39.

---

[13] Our apparent grammatical characterization of a deferred imposition of sentence in *Drew* as merely a "stay" of sentencing rather than a sentence was further problematically inconsistent with then-existing but unreferenced provisions of the Code of Criminal Procedure defining: (1) a "*conviction*" as "a judgment of conviction *or sentence* entered upon a . . . guilty" plea, verdict, or finding on "an offense"; (2) a "*judgment*" as an "adjudication" of "guilty or not guilty and if the adjudication is . . . guilty, it *includes the sentence* pronounced by the court"; and (3) a "*sentence*" as "the *punishment imposed* on the defendant by the court." *Compare* §§ 95-204, -207, and -211, RCM (1947) (1967 Mont. Laws ch. 196, § 1) (emphasis added), *with Drew*, 158 Mont. at 217, 490 P.2d at 232.

18

¶21 In *State v. Maldonado*, 176 Mont. 322, 578 P.2d 296 (1978), citing *Drew*, the convicted offender asserted on petition for postconviction relief that the district court illegally imposed a jail term as an additional condition of a deferred imposition of sentence upon continuing the deferred sentence following adjudicated probation violations. *Maldonado*, 176 Mont. at 331, 578 P.2d at 301.[14] We held to the contrary, noting that:

> *Drew* merely stated that [the court] may not actually impose a sentence *and* defer the imposition of part of that sentence. The [court] may, however, defer imposition of sentence and make a jail term a condition of probation . . . There is a valid distinction under the law in granting a deferred imposition upon conditions, rather than imposing a jail sentence with conditions.[15]

*Maldonado*, 176 Mont. at 331, 578 P.2d at 301 (quoting *Woodbury*, 159 Mont. at 136, 495 P.2d at 1123 in part—internal punctuation omitted and emphasis added).[16]

---

[14] Upon adjudication of a violation of a probation condition imposed upon a deferred imposition of sentence, the court may revoke the deferred sentence and resentence the offender or, alternatively, "continue the . . . deferred sentence" either "without a change in conditions" or "with modified or additional terms and conditions." Section 46-18-203(7)(a), MCA.

[15] The quoted language from the Pacific Reporter precisely conforms to the language in our original decision. Compare *State v. Maldonado*, No. 13883, slip op. at 9-10 (Mont. filed Apr. 12, 1978), with *Maldonado*, 578 P.2d at 301. However, a discrepancy exists between the language in our original opinion and that published in the Montana Reports. Compare *Maldonado*, 176 Mont. at 331, with *Maldonado*, No. 13883, slip op. at 9-10 (Mont. filed Apr. 12, 1978) (omitting language in original).

[16] We take this opportunity to distinguish our prior characterizations of a deferred imposition of sentence as merely a *stay of sentencing* rather than *a sentence*. *See Williams*, *supra*; *Drew*, *supra*; *State v. Babbit*, 175 Mont. 433, 436-39, 574 P.2d 998, 1000-02 (1978); *State v. McCaslin*, 2011 MT 221, ¶ 14, 362 Mont. 47, 260 P.3d 403. *Williams* and *Drew* are distinguishable on this narrow point as decided under prior statutory schemes that did not expressly authorize limited jail-time as a condition of a deferred imposition of sentence. *See Drew*, *supra*; *Williams*, *supra*. In addition to having been subsequently "clarified" and limited in *Woodbury*, *supra*, *Drew* is further distinguishable because our apparent grammatical characterization was inconsistent with the unreferenced definitions of the statutory terms "conviction," "judgment," and "sentence" and because the then-governing statutory scheme separately included distinct sentencing alternatives for imprisonment, deferred imposition of sentence, and release "on probation," *inter alia*. *See* §§ 95-204, -207, and -211, RCM (1947) (1967 Mont. Laws ch. 196, § 1); *Drew*, *supra*. Though

¶22 Contrary to Thibeault's assertion, nothing in the language of § 45-10-103, MCA, is inconsistent with the language of § 46-18-201(1)(a)(i) and (4)(b), MCA, or otherwise evinces any legislative intent to preclude sentencing courts from imposing "incarceration in a detention center not exceeding 180 days," as expressly authorized under § 46-18-201(4)(b), MCA, when imposing a deferred sentence in accordance with the statutory presumption of entitlement thereto. In accordance with the express language of §§ 45-10-103, 46-18-201(1)(a)(i), and (4)(b), MCA, and as similarly recognized in *Maldonado*, *Woodbury*, and *Williams*, imposition of "incarceration in a detention center not exceeding 180 days" as a *condition of a deferred imposition of sentence* is not a "*sentence of imprisonment*" inconsistent with a "deferred imposition of sentence" as referenced in §§ 45-10-103 and 46-18-201(1)(a), MCA (emphasis added). We hold that the Justice Court's imposition of a 10-day jail term as a condition of Thibeault's deferred imposition of sentence was a facially legal condition of a deferred imposition of sentence,

---

decided under a statutory scheme expressly authorizing limited jail-time as a deferred sentence condition, *Babbit* is also distinguishable because that characterization occurred only in passing incident to addressing the dispositive question of whether the imposition of a fine as a condition of a deferred sentence was reasonably related to the subject crime, rehabilitation of the offender, or public protection. *See Babbit*, 175 Mont. at 436-39, 574 P.2d at 1001-02. Our similar characterization in *McCaslin*, that a "sentence is not imposed" on a deferred imposition of sentence, is similarly distinguishable as passing *dicta* based on *Drew*. *See McCaslin*, ¶ 14. Our statements in *Williams*, *Drew*, *Babbit*, and *McCaslin* are further inconsistent with §§ 46-1-202(7), (11), (25), 46-18-201(1)(a), (4), -202, and -204, MCA, as recognized and applied in *Tomaskie*, ¶¶ 9-13. *See also State v. Rice*, 275 Mont. 81, 82-85, 910 P.2d 245, 246-47 (1996) (deferred imposition of sentence is a final judgment "disposing of the criminal proceeding at issue" but is not "imprisonment or punishment in the constitutional sense" for purposes of constitutional double-jeopardy even if conditioned on jail-time—criminal sentencing encompasses imprisonment, suspended sentence, or deferred imposition of sentence).

expressly authorized by § 46-18-201(4)(b), MCA, consistent with §§ 45-10-103 and 46-18-201(1)(a)(i), MCA.[17]

**CONCLUSION**

¶23 The Justice Court's imposition of 10-day jail term as a condition of a deferred imposition of sentence imposed pursuant to the statutory presumption of § 45-10-103, MCA, was a facially legal condition of a deferred imposition of sentence, as expressly authorized by § 46-18-201(4)(b), MCA. We hold that the Justice Court did not erroneously impose 10 days of jail-time as a condition of Thibeault's deferred imposition of sentence. Affirmed.

/S/ DIRK M. SANDEFUR

---

[17] The separate question of whether the Justice Court abused its discretion in imposing the 10-day jail term as a condition of Thibeault's deferred sentence is not at issue on appeal. *See* §§ 46-18-201(4)(b), (p), and -202(1), MCA (in re reasonable relationship requirement for discretionary sentencing conditions); *Zimmerman*, ¶ 17 (probation conditions must be reasonably related "to rehabilitation or protection of society within the particular context of an offender's crime" or the offender's "unique background, characteristics, or conduct"—statutorily authorized conditions must have a substantial direct or indirect nexus to the subject offense or personal circumstances of the offender); *State v. Openshaw*, 172 Mont. 511, 514-15, 565 P.2d 319, 321 (1977) (invalidating otherwise authorized jail-time condition of deferred sentence in excess of maximum term of imprisonment for the subject offense as unreasonable); *Williams*, 145 Mont. at 56-58, 399 P.2d at 738-39 (holding that incarceration in county jail during required alcohol treatment as a condition of deferred imposition of sentence was reasonably related "to promot[ing] the rehabilitation of an alcoholic as an alternative to sentencing . . . and punish[ment]"). *See also City of Bozeman v. Cantu*, 2013 MT 40, ¶ 20, 369 Mont. 81, 296 P.3d 461 ("passing, isolated, or stale instance[s] of behavior or conduct" are generally "insufficient to support a restrictive probation condition" based on "offender rehabilitation"—similarly lacking are conditions that are overly broad, unduly punitive, or exceedingly tenuous in relation to the asserted purpose and particular circumstances of the offense or the offender—internal citations and punctuation omitted).

21

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

Justice Ingrid Gustafson, dissenting.

¶24　I would hold the sentencing condition of incarceration on Thibeault's deferred sentence for criminal possession of drug paraphernalia was an illegal sentencing condition because the Justice Court did not adhere to the affirmative mandates of § 45-10-103, MCA, and the condition fell outside the parameters set by that statute. Further, the Opinion's holding allows for absurd results.

¶25　"A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes." *Heddings*, ¶ 11. The applicable statutes in this case are §§ 45-10-103 and 46-18-201, MCA.

¶26　"When interpreting a statute, [this Court's] objective is to implement the objectives the legislature sought to achieve." *Mont. Vending, Inc. v. Coco-Cola Bottling Co.*, 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499. "[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980). When interpreting a statute, a court may not "insert what has been omitted or . . . omit what has been inserted." Section 1-2-101, MCA. When several provisions are at issue, we must interpret the

22

provisions to "give effect to all." Section 1-2-101, MCA. A more specific provision will control over a more general provision. Section 1-2-102, MCA. "This Court operates under the presumption that the Legislature does not pass meaningless legislation, and we will harmonize statutes relating to the same subject in order to give effect to each statute." *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448.

¶27    Section 46-18-201, MCA, provides courts with general sentencing authority. It instructs "a sentencing judge may defer imposition of sentence, except as otherwise specifically provided by statute, for a period . . . not exceeding 1 year for a misdemeanor." Section 46-18-201(1)(a)(i), MCA. "When deferring imposition of sentence or suspending all or a portion of execution of sentence, the sentencing judge may impose on the offender any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence." Section 46-18-201(4), MCA. Under § 46-18-201(4)(b), MCA, this includes "incarceration in a detention center not exceeding 180 days."

¶28    This statute provides sentencing judges with the authority to impose incarceration as a condition of a deferred imposition of sentence "except as otherwise specifically provided by statute." Section 46-18-201(1)(a), MCA. Section 45-10-103, MCA, specifically provides otherwise. In pertinent part, § 45-10-103, MCA, provides "[a] person convicted of a first violation of this section is presumed to be entitled to a deferred imposition of sentence *of imprisonment*." (Emphasis added.) By its plain language, § 45-10-103, MCA, creates a presumption against imposing a condition of imprisonment on a first-time offender. This plain language interpretation is further bolstered by examining the language of other presumptions for deferrals contained in Title 45.

23

¶29 Four statutes in Title 45 create a presumption for a deferred sentence in certain cases: §§ 45-6-301(9), 45-9-102(4), 45-9-113(3), and 45-10-103, MCA. The relevant language of § 45-10-103, MCA, was added to the statute in 2001 to mirror the language of § 45-9-102(4), MCA ("A person convicted of a first violation under this section is presumed to be entitled to a deferred imposition of sentence of imprisonment."). *See* 2001 Mont. Laws ch. 100, § 2. A presumption for a deferred imposition of sentence for young first-time offenders was included when what is now § 45-9-102, MCA, first was enacted in 1969.[1] *See* 1969 Mont. Laws. ch. 314, § 5. The clause "of imprisonment" was added to the existing presumption in § 45-9-102(4), MCA, in 1983. *See* 1983 Mont. Laws. ch. 612, § 2.

¶30 The other two statutes creating a presumption in favor of a deferred sentence do not include the "of imprisonment" language. *See* § 45-6-301(9), MCA ("A person convicted of the offense of theft of property not exceeding $100 in value is presumed to qualify for a deferred imposition of sentence as long as the person has not been convicted of a misdemeanor or felony offense in the past 5 years."); § 45-9-113(3), MCA ("A person under 18 years of age convicted of a first violation under this section is presumed to be entitled to a deferred imposition of sentence."). Today's decision holds the "of imprisonment" language, specifically added by the Legislature to § 45-9-102(4), MCA, in 1983 and which it chose to later include in § 45-10-103, MCA, is mere surplusage. I must disagree.

---

[1] 2001 Mont. Laws ch. 100 also expanded the presumption under § 45-9-102(4), MCA, to all first-time offenders, not just those 21 years of age and younger.

¶31 What's more, the holding of today's Opinion could lead to absurd results in the future. Under § 46-18-201(1)(a)(i), MCA, the sentencing court may defer a sentence for up to a year and under § 46-18-201(4)(b), MCA, the sentencing court could include 180 days of incarceration as a condition of that deferred sentence. The maximum penalty under § 45-10-103, MCA, is 6 months incarceration. Thus, under the Opinion's interpretation of the statutes, the presumption in favor of deferral, which is clearly meant to provide for lesser punishment of first-time offenders, imposes a potentially harsher sentence on a first-time offender—six months of jail time followed by an additional six months of probation-like conditions. Such an outcome could not have been the Legislature's intent.

¶32 On a final note, regardless of this Court's holding today, Thibeault will likely be entitled to an expungement of his conviction in the future, as the voters of Montana decriminalized possession of marijuana paraphernalia when they approved Ballot Initiative No. 190 in the 2020 general election and the Montana Legislature has since provided a mechanism for the expungement of marijuana convictions such as Thibeault's. *See* 2021 Mont. Laws ch. 576, § 48. Today's Opinion simply forces Thibeault to serve jail time for something which is no longer a crime in Montana and for which he will be entitled to expungement in the future.

¶33 I dissent.

/S/ INGRID GUSTAFSON

Justice James Jeremiah Shea joins in the dissenting Opinion of Justice Gustafson.

/S/ JAMES JEREMIAH SHEA

25